DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Kenneth A. Jackson appeals from the decision of the Wayne County Common Pleas Court denying his petition for postconviction relief. We affirm.
Upon being convicted of numerous felonies, Jackson was sentenced on August 28, 1992 to an aggregate definite term of 32 and one-half years, to be served consecutively to a term of 5 to 15 years. This court affirmed Jackson's conviction and sentence.State v. Jackson (May 4, 1994), Wayne App. No. 2754, unreported. On April 20, 1995, the trial court granted Jackson's motion to direct prison officials to correct Jackson's parole eligibility date so that it accorded with the fifteen year sentencing "cap" imposed on his sentence by R.C. 2929.41(E).[1] The trial court granted this motion. Asserting that prison officials had refused to comply with the trial court's order, Jackson petitioned for postconviction relief on October 13, 1995, requesting that the trial court vacate his sentence and resentence him in accordance with R.C. 2929.41(E). The trial court granted Jackson's petition on November 28, 1995, reducing Jackson's sentence. On October 29, 1996, the trial court issued an order granting a second petition for postconviction relief, vacating Jackson's sentence and resentencing him to a still shorter term of imprisonment.
Jackson did not appeal this second resentencing. On May 29, 1997, Jackson filed a petition for postconviction relief challenging this second resentencing on the grounds that sentencing confusion had delayed his parole board hearing date and that "the Defendant was prejudiced negatively by the amount of activity regarding the sentence." On the same date, Jackson also moved the trial court to set aside his sentence because it violated his rights to a speedy trial, guaranteed by theSixth Amendment of the United States Constitution. The trial court considered both filings jointly: denying Jackson's petition on the grounds that it did not raise a constitutional issue, and denying Jackson's motion by finding that Jackson was not deprived of his speedy trial rights. We treat the petition and motion as constituting one petition for postconviction relief.[2]
Jackson appeals, assigning four errors.
 I.
Jackson's first assignments of error states:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY DISMISSING APPELLANT'S MOTION TO VACATE SENTENCE FOR VIOLATION OF SIXTH AMENDMENT (SPEEDY TRIAL).
Pursuant to R.C. 2953.21(A)(1), postconviction relief is available to:
 Any person who has been convicted of a criminal offense * * * and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States[.]
Jackson argues that proper sentencing for his crimes was unreasonably, purposefully, and oppressively delayed for over four years by the trial court, in violation of his speedy trial rights under the Sixth Amendment of the United States Constitution.
However, a claim to postconviction relief under R.C. 2953.21
is barred by res judicata where the constitutional claim advanced was raised or could have been raised on direct appeal from the conviction and sentence. See State v. Combs (1994), 100 Ohio App.3d 90,97. "Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment."State v. Szefcyk (1996), 77 Ohio St.3d 93, syllabus, citing Statev. Perry (1967), 10 Ohio St.2d 175, paragraph nine of the syllabus. To overcome the bar of res judicata through submission of evidence dehors the record, a petitioner must offer evidence demonstrating he could not have advanced the claims on appeal based upon the information contained in the original trial record. State v. Combs (1994), 100 Ohio App.3d at 97; see, also, Statev. Greer (Oct. 28, 1992), Summit App. No. 15217, unreported at 12-13. Jackson did no such thing.
The fact that Jackson did not undertake a direct appeal from the sentence does not change the application of res judicata; because Jackson could have raised this issue on direct appeal, he is barred from raising it in his petition for post conviction relief. See State v. Guess (Oct. 8, 1997), Summit App. No. 18252, unreported, at 3-4, citing State v. Ishmail (1981), 67 Ohio St.2d 16,18. Jackson's first assignment of error is overruled.[3]
 II.
Jackson's second assignment of error states:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY FINDING THAT APPELLANT WAS SENTENCED TO A LAWFUL TERM OF IMPRISONMENT ON MULTIPLE CHARGES ON AUGUST 28, 1992.
Jackson argues that the trial court erroneously found that its original sentence, imposed on August 28, 1992, was unlawful.
While it is true that the trial court so found, it is also true that Jackson did not in his petition for postconviction relief argue that his original sentence was unlawful. Because Jackson did not raise that claim before the trial court, we need not address it on appeal. See Thatcher v. Goodwill Inds. of Akron
(Jan. 2, 1997), Summit App. No. 17817, unreported, at 12. Had Jackson argued before the trial court that his sentence was illegal, we would not need to address it here because it would be barred by res judicata. State v. Miller (Jan. 16, 1991), Medina App. No. 1922, unreported, at 2; State v. Thompson (Sep. 5, 1990), Medina App. No. 1880, unreported, at 2-3; State v. Rodriguez
(Oct. 25, 1989), Lorain App. Nos. 89CA004558, 89CA004559, 89CA004560, 89CA004561, 89CA004574, and 89CA004595, unreported, at 3-4. Jackson's second assignment of error is overruled.
 III.
Jackson's third assignment of error states:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY FINDING THAT ANY SUBSEQUENT RESENTENCING WERE [sic] TO THE CLEAR BENEFIT OF APPELLANT AND WERE SOLELY TO ACCOMMODATE A MISINTERPRETATION OF LAW BY THE OHIO DEPARTMENT OF REHABILITATION AND CORRECTION.
Jackson argues that the trial court erroneously concluded that the resentencing of Jackson operated to his clear benefit and was done solely to accommodate the misinterpretation of his sentence by prison officials.
Since Jackson does not allege a deprivation of constitutional rights, he is not entitled to postconviction relief. R.C.2953.21(A). Jackson's third assignment of error is overruled.
 IV.
Jackson's fourth assignment of error states:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY DISMISSING APPELLANT'S PETITION FOR POST CONVICTION RELIEF WITHOUT HOLDING AN EVIDENTIARY HEARING PURSUANT TO 2953.21(E).
The trial court denied Jackson's petition without a hearing. R.C. 2953.21(C) directs the trial court, before granting a hearing, to determine whether the constitutional claim raises any "substantive grounds for relief." See State v. Jackson (1980),64 Ohio St.2d 107, 110. The statute further provides that a hearing on the issues should be held "[u]nless the petition and the files and records of the case show the petitioner is not entitled to relief[.]" R.C. 2953.21(E).
Jackson argues that the attenuated sentencing process violated his constitutional due process rights. Jackson's petition did not raise that claim of relief before the trial court, and, therefore, we need not address it on appeal. If properly raised, such a constitutional claim would have been barred nonetheless by res judicata, for it could have been raised on direct appeal. Thus Jackson alleged no substantive ground for relief and was not entitled to an evidentiary hearing. See Statev. Beason (Sep. 10, 1997), Lorain App. No. 96CA006641, unreported, at 3-4. Jackson's fourth assignment of error is overruled.
 V.
All of Jackson's assignments of error having been overruled, the judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this court, directing the County of Wayne Common Pleas Court to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
 Exceptions. _______________________________ WILLIAM R. BAIRD
FOR THE COURT
SLABY, P. J.
CONCURS
[1] The "cap" sets a limit to the minimum term of imprisonment. R.C. 2929.41(E) provides, in relevant part:
 Consecutive terms of imprisonment imposed shall not exceed:
* * *
 (2) An aggregate minimum term of fifteen years, plus the sum of all three year terms of actual incarceration imposed pursuant to section 2929.71
of the Revised Code and the sum of all six year terms of actual incarceration imposed pursuant to section 2929.72 of the Revised Code, when the consecutive terms are for felonies other than aggravated murder or murder[.]
[2] "Where a criminal defendant, subsequent to his or her direct appeal, files a motion seeking vacation or correction of his sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for postconviction relief as defined in R.C. 2953.21." State v.Reynolds (1997), 79 Ohio St.3d 158, syllabus.
[3] This is so even thought the trial court relied upon other grounds in reaching its determination. A trial court's judgment must be affirmed if any valid grounds are found on review to support it. Joyce v. General Motors Corp. (1990),49 Ohio St.3d 93, 96; McKay v. Cutlip (1992), 80 Ohio App.3d 487,491. "[A] reviewing court is not authorized to reverse a correct judgment merely because erroneous reasons were assigned as a basis thereof." State ex rel. Carter v.Schotten (1994), 70 Ohio St.3d 89, 92, citing State ex rel.Cassels v. Dayton City School Dist. Bd. of Edn. (1994),69 Ohio St.3d 217, 222.