OPINION
 "First Assignment of Error
 "THE TRIAL COURT ABUSED IT'S DISCRETION IN NOT GRANTING APPELLANT'S MOTION FOR AN EXTENSION OF TIME IN WHICH TO FILE OPPOSING MOTION TO [sic] SUMMARY JUDGMENT/MOTION TO DISMISS.
"Second Assignment of Error
 "THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN GRANTING THE STATE'S MOTION FOR SUMMARY JUDGMENT/MOTION TO DISMISS BEFORE ALLOWING THE DEFENDANT THE OPPORTUNITY TO RESPOND.
"Third Assignment of Error
 "THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN NOT GRANTING AN EVIDENTIARY HEARING TO DETERMINE ISSUES THAT COULD NOT BE RESOLVED FROM THE EXISTING RECORDS.
"Fourth Assignment of Error
 "THE TRIAL COURT COMMITTED REVERSIBLE ERROR AND ABUSED IT'S DISCRETION WHERE IT DENIED APPELLANT AN EVIDENTIARY HEARING WHEN APPELLANT SATISFIED THE REQUIREMENTS OF Civ.R. 60(B).
"Fifth Assignment of Error
 "THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN NOT GRANTING RELIEF PURSUANT TO 2953.21. WHERE APPELLANT'S TRIAL COUNSEL WAS ACTING UNDER A CONFLICT OF INTEREST DURING TRIAL.
"Sixth Assignment of Error
 "THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN NOT GRANTING RELIEF PURSUANT TO R.C. 2953.21. WHERE APPELLANT'S RIGHTS TO DUE PROCESS WERE VIOLATED WHERE THE STATE KNOWINGLY USED FRAUDULENT/MISLEADING, AND PERJURED TESTIMONY DURING THE TRIAL IN THIS CASE.
On August 9, 1994, appellant was indicted on two counts of kidnapping with specifications, aggravated felonies of the first degree. Following a jury trial, in a judgment entry journalized on January 25, 1995, appellant was convicted on both counts and was sentenced to a term of ten to twenty-five years as to each count, to be served consecutively. On February 22, 1995, appellant filed a timely notice of appeal. We affirmed appellant's conviction and sentence on May 31, 1996.
Appellant timely filed a petition for post-conviction relief, captioned "PETITION TO VACATE CONVICTION AND SENTENCE," on September 23, 1996. Appellant alleged in his petition that: (1) since Attorney C. Allen McConnell was a member of Toledo City Council at the time of the trial, he was acting under a conflict of interest, evidenced by McConnell's failure to call Officer Philip Gomez for the defense and his failure to vigorously cross-examine Officer Turner; (2) Attorney McConnell was ineffective in failing to file a motion for a new trial on the basis of newly discovered evidence, i.e., a letter allegedly from Terry Moll, a witness for the state, who admitted to perjury; and (3) appellant was denied due process because of the knowing use of the perjured and fraudulent testimony of Terry Moll, Officer Turner, and Jerry Cormack. Appellant requested a hearing on his motion. Thereafter, on January 28, 1997, in response to appellant's petition, the state filed a motion to dismiss/motion for summary judgment. On February 21, 1997, appellant filed a motion for extension of time until February 20, 1997 to respond to the state's motion. The trial court never expressly ruled on appellant's motion for extension of time. However, on February 24, 1997, the trial court granted the state's motion to dismiss/motion for summary judgment and denied appellant's petition.
The trial court found that the alleged conflict of interest and the perjured testimony allegations should have been raised on direct appeal and, therefore, were res judicata. With respect to the copy of the letter from Terry Moll, the trial court found that this was not evidence dehors the record because, although the attached envelope was addressed to the trial court, the letter was not in the record, appellant failed to state how he obtained a copy of it, and the letter was undated, unsigned, and did not even mention Mr. Moll's name. With respect to McConnell's failure to file a motion for new trial raising Moll's alleged perjury, the trial court noted that McConnell did file such a motion on April 13, 1995 and that the motion was denied on June 13, 1995. On February 26, 1997, appellant's response to the state's motion to dismiss/motion for summary judgment was filed.
On March 21, 1997, appellant filed his notice of appeal as to the trial court's denial of his petition for postconviction relief. On April 21, 1997, appellant filed a motion for relief from judgment pursuant to Civ.R. 60(B) and this court remanded the case to the trial court so it could rule on the motion. On July 14, 1997, the trial court denied the motion for relief from judgment finding that he failed to satisfy the requirements of Civ.R. 60(B). This court reinstated appellant's appeal on August 14, 1997 and granted appellant leave to amend his notice of appeal to include issues regarding the July 14, 1997 denial of his Civ.R. 60(B) motion.
In his first and second assignments of error, appellant argues that the trial court erred in not granting appellant's motion for extension of time to file a response to the state's motion to dismiss/motion for summary judgment and in not allowing appellant an opportunity to respond.
Pursuant to Civ.R. 6(B), a court may allow for an extension of time to file a response if the request is "made before the expiration of the period originally prescribed" or "upon motion made after the expiration of the specified period * * * where the failure to act was the result of excusable neglect." A trial court has broad discretion in procedural matters, and a ruling by the trial court on such a motion will be upheld absent an abuse of that discretion. Miller v. Lint (1980), 62 Ohio St.2d 209,213-214; Marion Prod. Credit Assn. v. Cochran (1988), 40 Ohio St.3d 265,271. The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219; Rock v. Cabral (1993),67 Ohio St.3d 108, 112.
Appellant requested an extension of time due to his work schedule, 7:00 a.m. to 3:00 p.m., five days per week, while incarcerated. Although not filed until February 21, 1997, appellant asserts that his motion was mailed on February 11, 1997. Under the circumstances, we do not find that the trial court abused its discretion in denying appellant's motion for an extension of time.
Additionally, we note that the trial court did not rule on the state's motion to dismiss/motion for summary judgment until the twenty-seventh day after the filing of the motion. Pursuant to Gen.R. 5.04(F), the motion was deemed submitted on the eighteenth day after the motion was filed. As such, the trial court did not deny appellant an opportunity to be heard in response; rather, appellant's response was untimely filed.
Accordingly, appellant's first and second assignments of error are found not well-taken.
Appellant's third, fifth and sixth assignment of error will be considered in concert. Appellant argues that the trial court erred in denying his petition for post-conviction relief and in failing to conduct a hearing.
In order to be entitled to a hearing on a petition for post-conviction relief, a defendant must submit evidentiary documents containing sufficient operative facts to demonstrate alleged constitutional violations. See State v. Jackson (1980),64 Ohio St.2d 107. See, also, State v. Kapper (1983),5 Ohio St.3d 36. Moreover, matters which could have been raised on direct appeal may not be considered in post-conviction proceedings. State v. Ishmail (1981), 67 Ohio St.2d 16. See, also, State v. Perry (1967), 10 Ohio St.2d 175.
Appellant asserts that Attorney McConnell was ineffective due to a conflict of interest. Specifically, appellant attached to his petition for post-conviction relief, a letter from the city of Toledo stating that McConnell was appointed as a member of the Toledo City Council on January 5, 1995. On its face, the letter does not demonstrate any conflict of interest because McConnell was a member of the legislative branch of government and the law enforcement officers were members of the executive branch. Appellant failed to provide any evidencedehors the record of any alleged conflict of interest or ineffectiveness of counsel. With respect to appellant's allegations that counsel did not effectively cross-examine the state's witnesses, and failed to call a defense witness, these matters could have been raised on direct appeal. See Ishmail,supra.
Additionally, appellant failed to bring forth any evidence dehors the record to demonstrate that the state used fraudulent and perjured testimony. The only document offered in this respect was the photocopy of a writing allegedly from Terry Moll, a witness to one of the kidnappings. Appellant suggests that this writing is a letter from Moll recanting his testimony. We, however, agree with the trial court that this undated, unsigned, unauthenticated, writing is entirely insufficient.
Appellant also did not demonstrate that McConnell was ineffective in allegedly failing to file a motion for new trial. The basis of the motion would have been Moll's alleged recantation of his testimony. Having already found that the writing was insufficient to establish that Moll even wrote the letter, there was no prejudice in McConnell not filing a motion for new trial.[1]
Appellant having failed to submit evidentiary documents containing sufficient operative facts to demonstrate alleged constitutional violations, the trial court did not error in foregoing an evidentiary hearing on appellant's petition. SeeJackson, supra.
Accordingly, appellant's third, fifth and sixth assignments of error are found not well-taken.
In his fourth assignment of error, appellant argues that the trial court erred in denying him an evidentiary hearing when appellant satisfied the requirements of Civ.R. 60(B). Upon a review of the record, we find that appellant failed to establish any of the grounds for relief set forth in Civ.R. 60(B). Accordingly, appellant's fourth assignment of error is found not well-taken.
For the reasons stated, the judgment of the Lucas County Court of Common Pleas is affirmed. Costs assessed to appellant.
JUDGMENT AFFIRMED.
 George M. Glasser, J.
 Melvin L. Resnick, J.
 Richard W. Knepper, J.
CONCUR.
[1] Although the trial court indicated that such a motion was filed and denied, there is no indication of such on the court's journal, or any copies of such filings in the record.