I concur only in the judgment.
This case is not governed by State v. Nichols (1984), 11 Ohio St.3d 40. In that case, the court held that a delayed appeal pursuant to App.R. 5(A) was not available to obtain review of an order denying post-conviction relief. That is not the issue in the instant case. The Nichols opinion went on to suggest that a delayed appeal from the original judgment of conviction would be the optimum forum for the defendant to present issuesthat were or could have been raised during those proceedings and that postconviction relief would not be available until such conventional appellate relief had been sought. The opinion further suggested thatres judicata would not apply to those issues until such time as the defendant exhausted his direct appeals.
In the instant case, Gross's petition for post-conviction relief contended that (1) his trial lawyer provided ineffective assistance of counsel by failing to contact or subpoena witnesses and (2) the prosecutor promised Gross he would receive no more than an eighteen-month sentence. A petition for post-conviction relief under R.C. 2953.21 is the mechanism that allows a defendant to introduce extraneous facts that do not appear in the trial record. The fact that Gross chose to assert these issues by a petition for post-conviction relief rather than by direct appeal required him to present facts dehors the record to establish his right to relief. I do not believe Nichols required Gross to seek direct appellate relief before he could assert in a post-conviction petition issues that would not be reflected in the original trial record and that would instead depend on facts dehors the record.
I would therefore hold that Gross was not procedurally barred from seeking post-conviction relief here but that Gross's petition nevertheless failed to set forth sufficient operative facts demonstrating that there were substantive grounds for postconviction relief. See State v. Jackson (1980), 64 Ohio St.2d 107.
In particular, Gross failed to demonstrate (1) that his lawyer's performance was objectively unreasonable and (2) that there is a reasonable probability that Gross would not have pleaded guilty but for counsel's errors. See Hill v. Lockhart
(1985), 474 U.S. 52; State v. Xie (1992), 62 Ohio St.3d 521,524-525.
With regard to the claim that his guilty plea was induced by the prosecutor's unkept promise of an eighteen-month sentence, Gross likewise failed to sustain his burden to cast doubt on the validity of the plea. We have not been provided with a transcript of the plea proceeding and Gross did not provide any reason to conclude that an accurate record of the plea proceeding could not be reconstructed, so regularity may be presumed. See State v.Angelo (Oct. 1, 1992), Cuyahoga App. Nos. 61049, 61141, unreported. Gross's own self-serving declarations would be insufficient to entitle him to post-conviction relief from his guilty plea. See State v. Kapper (1983), 5 Ohio St.3d 36; Statev. Ishmail (1981), 67 Ohio St.2d 16.
Because I ultimately agree that the trial court correctly denied Gross post-conviction relief, I concur in the judgment.