DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant, Brian Ferko, appeals from the judgment in the Summit County Court of Common Pleas denying his motion to vacate his plea and his motion to conduct a hearing in connection with his claim to vacate the plea. We affirm.
On May 30, 2000, the Summit County Grand Jury indicted Defendant on two separate counts: (1) aggravated murder, in violation of R.C. 2903.01(B); and (2) kidnapping, in violation of R.C. 2905.01(A)(3). Subsequently, a supplemental indictment was filed, wherein Defendant was indicted on eleven additional counts: (1) corrupting another with drugs, in violation of R.C. 2925.02(A)(3); (2) five counts of felonious assault, in violation of R.C. 2903.11(A)(1); (3) murder, in violation of R.C. 2903.02(B); and (4) four counts of kidnapping, in violation of R.C. 2905.01(A)(3). Defendant pled guilty to the kidnapping charge as contained in the initial indictment and the murder charge as contained in the supplemental indictment. The trial court sentenced him accordingly. Defendant did not file a direct appeal. Instead, Defendant moved to vacate his plea and moved the trial court to conduct a hearing to evaluate Defendant's argument pertaining to vacation of his plea. The trial court denied both motions. Defendant timely appealed raising four assignments of error, which we will address jointly as they concern similar issues of law and fact.
 ASSIGNMENT OF ERROR I The court erred by denying [Defendant] a hearing to ascertain if his plea was made voluntarily, knowingly and intelligently[.]
 ASSIGNMENT OF ERROR II The trial court erred in denying Defendant a hearing to determine whether in fact a manifest injustice occurred[.]
 ASSIGNMENT OF ERROR III The trial court erred in denying Defendant's motion to vacate plea, thereby depriving him valuable federal constitutional rights[.]
 ASSIGNMENT OF ERROR IV The trial court abused its discretion by ignoring the serious allegations made in the affidavits in derogation of [Crim.R.] 32.1.
In these assignments of error, Defendant alleges the following: (1) he received ineffective assistance of counsel; (2) he did not enter his guilty plea voluntarily, knowingly, or intelligently; and (3) he did not receive a hearing on his motion to vacate his plea. As a result, Defendant contends that the trial court erred in denying his motion to vacate his plea and his motion for a hearing. Defendant's contentions lack merit.
A post-sentence motion to vacate a guilty plea on the basis of a violation of a defendant's constitutional right is actually a petition for post-conviction relief. State v. Shie (July 23, 1997), Wayne App. No. 96CA0073, unreported, at 3. A claim that a guilty plea was neither knowing nor voluntary is predicated upon constitutional violations. Statev. White (Sept. 8, 1999), Lorain App. No. 98CA007036, unreported, at 4. As such, Defendant's allegations are in essence a petition for post-conviction relief.
R.C. 2953.21 states in relevant part:
 (A)(1) Any person who has been convicted of a criminal offense * * * and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief.
A hearing is not automatically required for every petition for post-conviction relief. See State v. Yauger (Oct. 6, 1999), Summit App. No. 19392, unreported, at *3, citing State v. Jackson (1980),64 Ohio St.2d 107, 110. The trial court must first find substantive grounds for relief before a hearing is granted. Jackson,64 Ohio St.2d at 111. See, also, State v. Calhoun (1999), 86 Ohio St.3d 279, 283, quotingJackson, 64 Ohio St.2d at syllabus (stating "the petitioner bears the initial burden to submit evidentiary documents containing sufficient operative facts to demonstrate the lack of competent counsel and that the defense was prejudiced by counsel's ineffectiveness" before a hearing will be granted (Emphasis omitted)); State v. Kapper (1983),5 Ohio St.3d 36, 38 (stating "a petition for post-conviction is subject to dismissal without a hearing when the record, * * * indicates that the petitioner is not entitled to relief and that the petitioner failed to submit evidentiary documents containing sufficient operative facts to demonstrate that the guilty plea was coerced or induced by false promises").
In State v. Perry (1967), 10 Ohio St.2d 175, the Court stated in its syllabus:
 Constitutional issues cannot be considered in postconviction proceedings under [R.C. 2953.21], where they have already been or could have been fully litigated by the prisoner while represented by counsel, either before his judgment of conviction or on direct appeal from that judgment, and thus have been adjudicated against him.
 The Supreme Court of Ohio will apply the doctrine of res judicata in determining whether postconviction relief should be given under [R.C. 2953.21].
 Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment.
(Emphasis sic.) See, also, State v. Ishmail (1981), 67 Ohio St.2d 16,18; State v. Beane (Nov. 19, 1997), Lorain App. No. 96CA006596, unreported, at *4-5. To survive preclusion by res judicata, a defendant must produce new evidence that would render the judgment void or voidable and must also show that he could not have appealed the claim based upon information contained in the original record. State v. Nemchik (March 8, 2000), Lorain App. No. 98CA007279, unreported, at 3. Where a defendant is not represented by trial counsel on direct appeal, res judicata is a proper basis for dismissing defendant's petition for post-conviction relief so long as the issue could have been determined without resort to evidence outside the record. State v. Cole (1982), 2 Ohio St.3d 112, syllabus.
An appellate court reviews a trial court's denial of a petition for post-conviction relief without a hearing under an abuse of discretion standard. State v. Watson (1998), 126 Ohio App.3d 316, 324. An abuse of discretion is more than an error of judgment, but instead demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio State Med. Bd. (1993), 66 Ohio St.3d 619,621. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Id.
In the present case, the record indicates Defendant was not entitled to either post-conviction relief or a hearing. First, Defendant failed to submit any evidentiary documents apart from his self-serving affidavit and affidavits from his parents to support his ineffective assistance of counsel claim and the invalidity of his plea. See Kapper,5 Ohio St.3d at 38 (declaring that a defendant's own self-serving affidavits are inadequate to refute the record which shows that his plea was voluntary); State v. Moore (1994), 99 Ohio App.3d 748, 754 (stating the trial court may disregard self-serving affidavits from the defendant or his family members). Defendant did not satisfy his initial burden; consequently, the trial court did not err in denying him a hearing. Second, the evidence submitted by Defendant in support of his petition for post-conviction relief does not demonstrate that he could not have raised the ineffective assistance of counsel claim and the invalidity of his plea on appeal. Moreover, the record indicates that Defendant was able to secure new counsel; thus, his trial counsel did not serve as appellate counsel. Defendant could have raised these claims in a direct appeal, but chose not to pursue that means of asserting error. As a result, Defendant's petition for post-conviction relief is barred by resjudicata. Consequently, we cannot say that the trial court abused its discretion in denying Defendant's petition for post-conviction relief without a hearing.
Accordingly, Defendant's first, second, third, and fourth assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
BATCHELDER, P.J., WHITMORE, J. CONCUR.