THE STATE OF OHIO, APPELLANT, *v.* ISHMAIL, APPELLEE.

[Cite as State v. Ishmail (1981), 67 Ohio St. 2d   16.]

(No. 80-809—Decided July 1, 1981.)

Mr. *Simon L. Leis, Jr.,* prosecuting attorney, and *Mr. Leonard Kirschner,* for appellant.

*Mr. Robert R. Hastings, Jr.,* for appellee.

*Per Curiam.* The principal issue raised in the state's appeal is whether the Court of Appeals erred in remanding the cause for a review of the plea hearing transcript to determine whether the sentencing court complied with Crim. R. 11(C).[3] The state contends that the defendant-appellee is barred from litigating the alleged Crim. R. 11(C) violation in a post-conviction proceeding because "[m]atters involving technical violations of Crim. 11(C) may be raised on direct appeals from the judgment of conviction and sentence." Therefore, ac-

---

[3] Appellant's brief contains ten propositions of law but several are axiomatic while others are verbatim restatements of *State* v. *Perry* (1967), 10 Ohio St. 2d 175, syllabus paragraphs. Notwithstanding the multiple propositions of law, there is only one major issue presented for decision.

cording to the appellant, "[a] court of appeals commits error when it permits a defendant to raise in a post-conviction proceeding matters not affecting the constitutional validity of a plea but which violate the technical provisions of Criminal Rule 11(C) which alleged error could have been raised by way of a direct appeal."

Appellant relies on *State* v. *Perry* (1967), 10 Ohio St. 2d 175, to support the position that the Crim. R. 11(C) question in this case was *res judicata* when the Court of Appeals ordered a remand to review the plea hearing transcript. In *Perry,* we stated in paragraphs eight and nine of the syllabus, respectively, that:

"The Supreme Court of Ohio will apply the doctrine of *res judicata* in determining whether post-conviction relief should be given under Section 2953.21 *et seq.,* Revised Code.

"Under the doctrine of *res judicata,* a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was *raised or could have been raised by the defendant at the trial,* which resulted in that judgment of conviction, *or on an appeal* from the judgment."

The alleged Crim. R. 11(C) violation in the case at bar could have been raised directly on appeal. If the sentencing court erroneously failed to inform defendant, pursuant to Crim. R. 11(C), that he was ineligible for probation because of his prior theft conviction, then the defendant should have taken a direct appeal. A Crim. R. 11(C) violation that appears on the face of the record but is never directly appealed is not *per se* susceptible to collateral attack by way of a post-conviction proceeding pursuant to R. C. 2953.21. Under the doctrine of *res judicata* the Crim. R. 11(C) question merged with the judgment of conviction and defendant cannot now relitigate the issue.

We find *Perry, supra,* to be dispositive on the Crim. R. 11(C) question presented herein. Therefore, the Court of Appeals erred in remanding the cause for a review of the plea transcript hearing.

The Court of Appeals also ordered the trial court to hold an evidentiary hearing to determine whether defendant's

guilty plea was fraudulently induced by his former counsel. See *State* v. *Milanovich* (1975), 42 Ohio St. 2d 46; *State* v. *Mishelek* (1975), 42 Ohio St. 140. Inasmuch as appellant has not challenged the Court of Appeals' order with respect to the other grounds for reversal, those issues are not properly before this court and we express no opinion thereon.

The judgment of the Court of Appeals is reversed insofar as it called for a review of the plea transcript hearing.

*Judgment accordingly.*

CELEBREZZE, C. J., W. BROWN, P. BROWN, SWEENEY, LOCHER, HOLMES and C. BROWN, JJ., concur.