Donald Hartzell appeals from the denial of his petition for post-conviction relief. He advances the following assignment of error:
 THE COURT ERRED IN DENYING DEFENDANT'S PETITION FOR POST CONVICTION RELIEF WITHOUT A HEARING, EVEN IF HIS EVIDENTIARY DOCUMENTS DID NOT CONTAIN SUFFICIENT OPERATIVE FACTS TO SUPPORT HIS CALIM (sic) OF INEFFECTIVE ASSISTANCE OF COUNSEL; WHERE THERE WAS LESS THAN SUBSTANTIAL COMPLIANCE WITH THE REQUIREMENTS OF CRIM.R. 11 AND OTHER IRREGULARITIES IN THE PLEA HEARING, WHICH COLLECTIVELY SUGGEST THAT THAT (sic) THE DEFENDANT'S PLEA WAS NOT KNOWINGLY, INTELLIGENTLY AND VOLUNTARILY MADE.
Hartzell's assignment of error must be overruled for two reasons.
First, Hartzell is asserting on appeal a ground for relief not asserted in the trial court, to which his appeal was addressed. R.C. 2953.21(A)(4) speaks directly to this situation:
 A petitioner shall state in the original or amended petition filed under division (A) of this section all grounds for relief claimed by the petitioner. Except as provided in section 2953.23 of the Revised Code, any ground for relief that is not so stated in the petition is waived.
Having waived any complaint about the trial court's compliance with Crim.R. 11(C) in the trial court, Hartzell may not assert this complaint for the first time on appeal. (R.C. 2953.23 has no application to this appeal.)
Second, Hartzell's claim on appeal that the trial court failed to comply with Crim.R.11(C) is barred by res judicata.State v. Perry (1967), 10 Ohio St.2d 175 provides at paragraph 9 of the syllabus:
 Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment.
Speaking directly to the issue before us, and relying on the above quoted language from Perry, the court stated in State v. Ishmail
(1981), 67 Ohio St.2d 16, 18:
 The alleged Crim.R. 11(C) violation in the case at bar could have been raised directly on appeal. If the sentencing court erroneously failed to inform defendant, pursuant to Crim.R. 11(C), that he was ineligible for probation because of his prior theft conviction, then the defendant should have taken a direct appeal. A Crim.R. 11(C) violation that appears on the face of the record but is never directly appealed is not per se
susceptible to collateral attack by way of a post-conviction proceeding pursuant to R.C. 2953.21. Under the doctrine of res judicata the Crim.R. 11(C) question merged with the judgment of conviction and defendant cannot now relitigate the issue.
For these reasons, the assignment of error is overruled, and the judgment will be affirmed.
YOUNG, P.J. and GRADY, J., concur.
Copies mailed to:
Karyn J. Lynn
William D. Rohrkaste
Hon. Adele M. Riley