OPINION
Lonny Bristow appeals pro se from a judgment entered on September 2, 1998 in the Crawford County Court of Common Pleas denying his motion to withdraw guilty pleas.
On Monday, June 1, 1998, Bristow entered guilty pleas in Crawford County Case No. 98-CR-54 to three felonies: Aiding an Escape in violation of R.C. § 2921.35(A) and two counts of Harassment by Inmate in violation of R.C. § 2921.38(A). The Friday before Bristow pled guilty to the charges in Case No. 98-CR-54, a jury found Bristow guilty in a separate criminal case of committing fourteen counts of felony telephone harassment. (Crawford County Case No. 98-CR-53). Bristow's sentencing in the telephone harassment case was continued to Monday, June 1, 1998. During Bristow's sentencing in that case, his counsel interrupted the court and advised the trial judge that Bristow wanted to accept a previously negotiated plea bargain that he had earlier refused. That negotiated plea encompassed an agreed sentence in the telephone harassment case, Bristow's admission of guilt and an agreed sentence with respect to another case involving a probation violation and the charges at issue in this case. The agreement also called for Bristow's admission to being a vexatious litigator in response to a civil action filed by the State.
The trial judge and Bristow had the following colloquy:
 Judge: * * * I will consider, you know, you accepting the proposal as it was given to you last Friday. Is it your desire?
Bristow: Yes, your Honor, it is.
 Judge: Okay. Now, what I want you to do, if it is all right, I want you to step up here at the podium and speak into the microphone so my court reporter can hear it. And I want you to state the terms of the negotiations that you're willing to enter into.
* * *
 Bristow: Okay. Your Honor, my understanding is total sentence would be 9 years and 11 months, probation violation revocation, which is 4 years, one harassment by inmate, another harassment by inmate, and an aiding and abetting escape, probation violation being 4 years, all totaling 7 1/2. So the new charges run consecutive to the probation violation, and it's also my understanding that the 7 1/2 years would run concurrent to the 9 years 11 months. It's also my understanding that judicial release would be granted in 8 years.
Judge: If you've been a good boy.
(Transcript pp. 242 — 244). Further, Bristow also stated, " * * * that I on the record would admit to being a vexatious litigator * * *." (Transcript p. 247).
After Bristow was advised of and pled guilty to violating terms of his probation, the Court then proceeded to the charges at issue here, one count of Aiding an Escape and two counts of Harassment by Inmate. The trial court advised Bristow of the potential sentences for the offenses then stated:
 Judge: Okay. Now, I don't have to go through your rights, I don't think — unless you want me to — because your attorneys are there. We'll make the record reflect that the Ohio Public Defender's Office is defending you on this. And needless to say you have a right to bail, which you're not going to get. Do you understand that"
Bristow: Yes, your Honor.
 Judge: You need to make no statements. Any statements you do make can be used against you * * *. Are you ready to enter a plea on this matter at this time?
Bristow: Yes, you Honor.
Judge: And what is your plea?
Bristow: Guilty.
(Transcript pp. 252-253).
The colloquy continued,
 Judge: All right. I guess in the arraignment phase I should have included you waive any defects in the service and the indictment upon you?
Bristow: Yes, your Honor, I waive that.
 Judge: All right. You heard [the prosecutor] explain this plea agreement. Is there — is this your total understanding of the plea agreement?
Bristow: Yes, your Honor, it is.
(Transcript p. 254).
The prosecutor then presented to the court a "guilty plea form" signed by Bristow. The judge inquired of Bristow,
 Judge: I notice that your signature's down here right above Andrew Love's. Do you acknowledge that is your signature?
Bristow: Yes, your Honor, it is.
(Transcript p. 254).
Finally, the trial court repeated the agreed sentence as to one count of Aiding escape and the two counts of Harassment by inmate and then stated:
 Judge: * * * So the Court will accept that negotiated plea agreement and inter — and find that this is voluntarily (sic), is it not?
Bristow: Yes, your Honor, it is.
Judge: In fact, this whole thing was your suggestion --
Bristow: Yes.
(Transcript p. 255). The judge also asked Bristow:
 Judge: And, Lonny, you admit you've had input into this [agreed sentence], right?
Bristow: Yes, your Honor, I have.
(Transcript p. 260).
On July 29, 1998, Bristow filed a delayed appeal from the judgment entering his convictions on fourteen count of telephone harassment and challenged only his sentence on those fourteen offenses. See, State v. Bristow (Jan. 29, 1999), Crawford App. No. 3-98-21, unreported (where we affirmed Bristow's convictions). Id. Prior to our decision in that case, but after Bristow had filed his notice of appeal there, on August 10, 1998 Bristow filed a motion to withdraw his guilty pleas to the three felony offenses in Crawford County Case No. 98-CR-54. On September 2, 1998, the trial court denied Bristow's motion to withdraw his guilty pleas. Bristow now appeals from this judgment and raises two assignments of error.
 I.
Bristow claims in his first assignment of error that:
 The trial court committed reversible and prejudicial error by denying the Appellant's motion to withdraw his guilty pleas when the trial court completely failed to advise the Appellant of any of his constitutional rights therefore making the plea(s) constitutionally invalid and in violation of Appellant's due process rights under both Ohio and United States Constitutions.
The State argues that reaching the merits of Bristow's first assignment of error is barred by the doctrine of res judicata. The State contends that because Bristow's motion to withdraw his guilty pleas raised an issue that could have been raised on direct appeal, Bristow is barred under the doctrine of res judicata from raising such issue here. We agree.
 Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment.
State v. Perry (1967), 10 Ohio St.2d 175, 226 N.E.2d 104, (para. 9 syllabus) (emphasis omitted); see also, State v. Szefcyk (1996), 77 Ohio St.3d 93, 671 N.E.2d 233. Further, res judicata bars a convicted defendant from raising, in a post-conviction proceeding, a claim that the "sentencing court erroneously failed to inform defendant, pursuant to Crim. R. 11(C)" of the consequences of his plea where such claimed violation "appears on the face of the record." State v. Ishmail (1981), 67 Ohio St.2d 16,18, 423 N.E.2d 1068, 1070; Cf., State v. Reynolds (1997),79 Ohio St.3d 158, 161, 679 N.E.2d 1131, 1133 (where the Ohio Supreme Court determined that a motion to vacate a conviction on grounds of constitutional error, filed after a direct appeal, was a petition for postconviction relief and held that the claims made therein were barred by res judicata).
Here, in support of his assignment of error, Bristow claims his motion to withdraw his guilty pleas was improperly denied because the trial judge should not have accepted his guilty pleas without completely informing him of all the constitutional rights he was waiving pursuant to Crim. R. 11(C). While the record might support Bristow's contention, he raises a "claimed lack of due process that could have been raised by [him] at the trial, which resulted in [his] conviction, or on an appeal from that judgment." Perry, supra, at 180, 226 N.E.2d at 108 (emphasis added). Accordingly, because Bristow failed to raise this issue at trial or in a direct appeal from that judgment entered by the trial court on June 1, 1998, he is barred under the doctrine of res judicata from raising it now. Id. Bristow's first assignment of error is therefore overruled.
II.
Bristow's second assignment of error states:
 The trial court committed reversible and prejudicial error by accepting Appellant's guilty pleas without the trial court informing the Appellant of the nature of the offenses to which he was pleading guilty, therefore, the pleas are constitutionally invalid and are in violation of the Appellant's due process rights under both Ohio and United States Constitutions.
This assignment of error does not challenge the trial court's judgment entered September 2, 1998, but rather that judgment entered on June 1, 1998 finding Bristow guilty of one count of Aiding an escape and two counts of Harassment by inmate. Because Bristow's appeal here was not timely prosecuted from the June 1, 1998 judgment, we are without jurisdiction to consider those assignments of error relating to that judgment. App. R. 4(A). Further, in the appeal Bristow took from the judgments entered on June 1, 1998, he failed to raise the issue he now raises here by this second assignment of error. See, Bristow, Crawford App. No. 3-98-21, supra. Therefore, res judicata also bars consideration of this assignment of error because Bristow attempts to raise an issue that could have been raised in his first appeal. State v. Szefcyk (1996), 77 Ohio St.3d 93, 671 N.E.2d 233. Accordingly, Bristow's second assignment of error is overruled.
Judgment Affirmed.
HADLEY and WALTERS, JJ., concur.