DECISION AND JOURNAL ENTRY
Appellant, the State of Ohio ("the State"), appeals the decision of the Summit County Court of Common Pleas. We reverse.
 I.
On March 24, 1987, Eddie Dee, appellee, was indicted by the Summit County Grand Jury for rape, in violation of R.C.2907.02(A)(2), gross sexual imposition, in violation of R.C.2907.05(A)(1), and kidnapping, in violation of R.C. 2905.01(A)(4). Mr. Dee failed to appear in court for trial on May 18, 1987, and a capias was issued to the Sheriff of Summit County for Mr. Dee's arrest. On June 9, 1987, the Summit County Grand Jury returned a secret indictment for failure to appear, in violation of "Crim.R. 46(C) and (K) and in violation of [R.C.] 2937.29," and prior aggravated felony specifications to rape and kidnapping and a prior crime of violence specification to gross sexual imposition. On May 19, 1988, upon motion by the State, the charge of rape was supplanted by the charge of corruption of a minor. On the same day, Mr. Dee pleaded guilty to corruption of a minor with a prior aggravated felony specification and failure to appear. The remaining charges were dismissed. He was sentenced to an indeterminate term of four to ten years for corruption of a minor and indeterminate term of one to five years for failure to appear. The sentences were imposed consecutively.
On September 17, 1990, Mr. Dee filed a petition for postconviction relief. The State moved to dismiss his petition on September 21, 1990. The trial court granted the State's motion to dismiss on October 4, 1990. This court affirmed the trial court's decision on May 12, 1993. State v. Dee (May 12, 1993), Summit App. No. 15984, unreported. On July 31, 1995, Mr. Dee filed a motion for an order nunc pro tunc to correct his sentence or vacate his guilty plea. The trial court denied his motion on September 29, 1995. On March 15, 1999, Mr. Dee filed what he termed a motion to resentence. The trial court granted Mr. Dee's motion and resentenced Mr. Dee on the failure to appear charge to a definite term of three years. The State appeals from the trial court's decision.
 II.
The State asserts two assignments of error. As we find the second assignment of error dispositive, we will address it first.
A.
Second Assignment of Error
 THE TRIAL COURT ERRED WHEN IT FAILED TO APPLY THE DOCTRINE OF RES JUDICATA TO BAR A CLAIM ON THE FACE OF THE RECORD WHICH SHOULD HAVE BEEN RAISED ON DIRECT APPEAL.
 The State avers that Mr. Dee is barred by res judicata
from raising his argument regarding the impropriety of his sentence because he could have raised his claim on direct appeal. We agree.
 The Supreme Court of Ohio will apply the doctrine of res judicata in determining whether postconviction relief should be given under Section 2953.21 et seq., Revised Code.
 Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment.
 (Emphasis original.) State v. Perry (1967), 10 Ohio St.2d 175, paragraphs eight and nine of the syllabus. Sentencing questions merge with the judgment of conviction and are also barred by res judicata if not raised on direct appeal. State v. Ishmail (1981), 67 Ohio St.2d 16, 18.
"To survive preclusion by res judicata, a petitioner must produce new evidence that would render the judgment void or voidable and must also show that he could not have appealed the claim based upon information contained in the original record."State v. Nemchik (Mar. 8, 2000), Lorain App. No. 98CA007279, unreported, at 3. "The fact that Defendant did not undertake a direct appeal from [his] * * * conviction and sentence does not change the application of the res judicata doctrine." State v.Quiles (Jan. 2, 1997), Lorain App. No. 96CA006312, unreported, at 3.
Although Mr. Dee styled his motion as one for resentencing, his motion was, in essence, a petition for postconviction relief. See State v. Reynolds (1997), 79 Ohio St.3d 158, syllabus. Mr. Dee now seeks to raise the issue of whether the trial court could have imposed an indefinite prison term for a conviction of failure to appear. However, we adduce that he could have raised this issue in a direct appeal, as the alleged error was plain on the face of the record. Hence, we conclude that he is barred from raising the issue in this proceeding. The State's second assignment of error is sustained.
B.
First Assignment of Error
 THE TRIAL COURT ERRED WHEN IT ENTERTAINED A MOTION FOR POSTCONVICTION RELIEF WHICH IS TIME BARRED.
 The State avers that the trial court improperly considered Mr. Dee's motion because it was, essentially, a petition for postconviction relief, and therefore, was time barred. Due to our resolution of the State's second assignment of error, we find this issue moot and decline to address it. See App.R. 12(A)(1)(c).
 III.
The State's second assignment of error is sustained. The State's first assignment of error is overruled as moot. The judgment of the Summit County Court of Common Pleas is reversed, and Mr. Dee's original sentence is reinstated.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellee.
Exceptions.
 ________________________ WILLIAM G. BATCHELDER
FOR THE COURT CARR, J.
WHITMORE, J. CONCUR.