DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Huron County Court of Common Pleas, denying without hearing a petition for postconviction relief. Because we conclude that the trial court's rejection of the petition was proper, we affirm.
 {¶ 2} On June 23, 2001, a masked man entered a Norwalk, Ohio convenience store. In the store, the man encountered a clerk whom he grabbed around the throat, demanding money. The clerk wrestled with the man who eventually fled empty handed.
 {¶ 3} Injured in the scuffle, the clerk nonetheless was able to obtain the license plate number of the car in which her assailant left. Police later stopped the car. Inside was appellant, Stanley I. Tillman. When the clerk identified appellant as the man who had tried to rob her, he was arrested and eventually charged with second degree felony robbery.
 {¶ 4} Appellant eventually entered a negotiated guilty plea to an amended charge of third degree felony robbery. Part of the plea agreement was a joint sentencing recommendation that appellant receive the maximum term for a third degree felony: five years. Following a Crim.R. 11 colloquy, the court accepted appellant's plea and sentenced him in accord with the joint sentencing agreement.
 {¶ 5} From this judgment, appellant initiated a direct appeal and, simultaneously, petitioned the trial court for postconviction relief pursuant to R.C. 2953.21. When the trial court dismissed appellant's postconviction relief petition without hearing, he, pro se, brought this appeal.
 {¶ 6} Appellant sets forth the following five assignments of error:
 {¶ 7} "First assignment of error
 {¶ 8} "The Court of Common Pleas for Huron County, Ohio pursuant to R.C. 2953.21(E) erred to the prejudice of appellant by dismissing of his petition for postconviction relief without a hearing on the issues within this petition especially regarding the issues of whether or not the appellant had the opportunity and understanding to make a knowingly voluntary and intelligent decision regarding his change of plea and the accompanying `maximum sentence', he received. This change of plea and sentence were derived from appellant by false and illusory promises and terms of plea-agreement, advised and told to appellant thru appointed counsel and this counsel's ineffective assistance of counsel prejudiced appellant by subjecting him to a different sentence than he was led to believe he was agreeing to and this prejudiced him from exercising his rights guaranteed in the United States and Ohio Constitutions to go to trial.
 {¶ 9} "Second assignment of error
 {¶ 10} "The Court of Common Pleas for Huron County, Ohio pursuant to R.C. 2953.21(E) erred to the prejudice of appellant for dismissing of his petition for postconviction relief without a hearing on the issues within this petition regarding the issue of `ineffective assistance of counsel', and the constructive denial of effective assistance of counsel in violation of the due course of law afforded in both the Ohio Constitutions and the Due Process Clauses of the Sixth andFourteenth Amendments of the United States Constitution and the accompanying `plea', change of plea, and waiver of appellant's right to speedy trial (twice), conviction and sentence that are all a direct result of this deficient performance and prejudice that performance undermined appellant's rights.
 {¶ 11} "Third assignment of error
 {¶ 12} "The Court of Common Pleas for Huron County, Ohio erred and prejudiced the appellant by dismissing of his petition for postconviction relief without a hearing on the issue of the appellant having the trial court committing an abuse of discretion when it violated the appellant's constitutional due process rights and equal protection rights when it imposed the `maximum sentence', of five (5) years.
 {¶ 13} "Fourth assignment of error
 {¶ 14} "The Court of Common Pleas for Huron County, Ohio, erred and prejudiced the appellant by dismissing his petition for postconviction relief without a hearing on the issue of the appellant's violations of his constitutional due process rights by the trial judge who was prejudiced to the appellant in his decisions and handling of this case and who committed bias towards the appellant by abandoning his impartial role of a trier of facts and became an advocate for the prosecution in his handling, rulings, and administration of this case and the evidence involved.
 {¶ 15} "Fifth assignment of error
 {¶ 16} "The Court of Common Pleas for Huron County, Ohio erred to the prejudice of appellant by dismissing of his petition for postconviction relief without a hearing on the very important issues of the violation of the Fourteenth, First, Fifth, and Sixth Amendment rights of appellant by the staff of the Huron County Jail and their actions were both knowingly and unknowingly impeded appellant's access to courts and his ability to defend himself against this charge as well as restricted his access to this attorney and in doing so this jail staff also violated appellant's equal protection right by subjecting the appellant to very restricted confinement within this county jail and which give rise to liberty interests and the timing, the conditions and the duration of this treatment imposed "atypical and very significant hardship', upon appellant who was treated differently than other similarly situated inmates and there was no legitimate jail interest in this treatment or rational relation in its application."
 {¶ 17} A petition for postconviction relief is a civil proceeding, State v. Milanovich (1975), 42 Ohio St.2d 46, 49, wherein a convicted offender asserts that his or her rights under the Ohio or United States Constitutions were denied or infringed upon to the extent the judgment of conviction is void or voidable. R.C. 2953.21(A)(1). Before granting a hearing on a postconviction petition, the sentencing court is charged with examining the petition and its supporting documents as well as the record of proceedings against petitioner to determine whether there are substantive grounds for relief. R.C. 2953.21(C).
 {¶ 18} The doctrine of res judicata applies to postconviction relief proceedings. State v. Perry (1967), 10 Ohio St.2d 175, paragraph eight of the syllabus. The doctrine bars a defendant from raising any defense or lack of due process that was or could have been raised at trial or on direct appeal. State v. Ishmail (1981), 67 Ohio St.2d 16,18, citing State v. Perry at paragraph nine of the syllabus. As a practical matter, res judicata bars claims which are unsupported by evidence from outside the original record. State v. Combs (1994),100 Ohio App.3d 90, 97.
 I. {¶ 19} The evidence de hors the record which appellant submitted with his petition for postconviction relief consists of copies of three letters from a Mansfield attorney referencing charges against appellant in Richland County, a copy of what is apparently a police activity summary from a Richland County police department and a copy of a "voluntary statement" made by appellant to the same Richland County police department. There are also four affidavits from former inmates of the Huron County Jail attesting to appellant's poor treatment while he was housed there.
 {¶ 20} Like his assignments of error, appellant's arguments are long, wordy and sometimes difficult to follow. Nevertheless, we have carefully examined each of his claims and fail to see the relevance of the Mansfield attorney letters to any of them. The same is true of the Richland County police activity summary and appellant's Richland County "voluntary statement."
 {¶ 21} The inmate affidavits concerning appellant's purported poor treatment in the Huron County Jail might be construed as an incentive to accept a plea to escape this treatment, but this is not an argument appellant makes. Instead, he suggests that his appointed counsel misled him about the sentence he would receive if he entered a plea. Appellant presents absolutely no evidence of such ill advice. Moreover, appellant's own plea colloquy belies this assertion. During the colloquy, appellant on the record and in open court expressly accepted the agreed amended charge and jointly recommended sentence. Absent any evidence supporting appellant's allegation of "false and illusory promises," appellant's first assignment of error is not well-taken.
 II. {¶ 22} Appellant's second, third and fourth assignments of error are issues that could be raised on direct appeal and are, therefore, barred by the doctrine of res judicata. These assignments of error are not well-taken.
 III. {¶ 23} In his fifth assignment of error, appellant asserts that he was denied access to his attorney by Huron County jail personnel. Again, this is an issue that could be raised on direct appeal, if not foreclosed by appellant's guilty plea. The supporting inmate affidavits do not touch on appellant's access to an attorney and any alleged mistreatment of appellant while held pending trial was not properly before the trial court. Accordingly, appellant's fifth assignment of error is not well-taken.
 {¶ 24} On consideration whereof, the judgment of the Huron County Court of Common Pleas is affirmed. Costs to appellant.
 JUDGMENT AFFIRMED.