DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Lucas County Court of Common Pleas, denying without a hearing postconviction relief to a petitioner convicted of aggravated murder and sentenced to death. Because we conclude that the court's dismissal of appellant's petition without hearing was proper, we affirm.
 {¶ 2} Gertrude Thompson and Edward Kowalczk were found dead in their Toledo home on December 7, 1996. The couple had been bludgeoned to death during an apparent robbery a week earlier.
 {¶ 3} The police investigation of these murders initially focused on a tenant of the deceaseds, Ethan Walls. Walls, in fact, was the subject of a capital murder indictment, but the case was later dismissed when a prosecution witness recanted her story.
 {¶ 4} After Walls was released, police focused on finding a unique pendant owned by Ms. Thompson, but missing from her effects. A pawn broker eventually reported receiving the pendant from a man who told police he acted for appellant, James D. Jordan. Police then matched appellant's DNA to that of some blood found at the crime scene.
 {¶ 5} On October 2, 1998, a Lucas County Grand Jury indicted appellant on four counts of aggravated murder, each with three capital specifications, two counts of aggravated robbery and one count of aggravated burglary.
 {¶ 6} Appellant was arraigned and counsel appointed for him. Over time, appellant became dissatisfied with his defense counsel and anyone associated with them, including the capital mitigation investigator retained by them. On February 18, 2000, appellant asked the court to dismiss defense counsel and let him proceed pro se.
 {¶ 7} The trial court granted appellant's request to dismiss counsel, but initially denied appellant's motion to proceed pro se. Instead, the court appointed substitute counsel who met with appellant, but also clashed with him over defense strategy and goals. When appellant renewed his motion to proceed pro se, the trial court granted the motion, but appointed counsel to continue in a advisory capacity.
 {¶ 8} A jury found appellant guilty of all counts and specifications, except for one count of aggravated robbery.
 {¶ 9} At the return of the verdict and on two other occasions in open court, appellant waived his right to submit evidence in mitigation at the sentencing hearing. At the beginning of the sentencing phase, appellant executed a written waiver of his right to submit evidence in mitigation. The court then made an express finding that appellant was competent and his waiver was knowingly and intelligently offered. After deliberating, the jury recommended that appellant be sentenced to death. On August 29, 2000, the trial court sentenced appellant to death.
 {¶ 10} Following sentencing, appellant timely perfected a direct appeal to the Supreme Court of Ohio and petitioned the trial court for postconviction relief. When the trial court rejected appellant's postconviction petition without hearing, appellant instituted this appeal.
 {¶ 11} Appellant's sets forth the following three assignments of error:
 {¶ 12} "Assignment of Error No. 1
 {¶ 13} "The trial court erred in dismissing appellant's postconviction petition where he presented sufficient operative facts and evidence outside the trial record to merit relief or, at bare minimum, to merit discovery and an evidentiary hearing.
 {¶ 14} "Assignment of Error No. 2
 {¶ 15} Ohio postconviction procedures do not afford an adequate corrective process or comply with due process and equal protection under the fourteenth amendment.
 {¶ 16} "Assignment of Error No. 3
 {¶ 17} "Considered together, the cumulative errors set fourth in appellant's substantive ground for relief merit reversal or remand for a proper postconviction process."
 I. Denial of Hearing {¶ 18} A petition for postconviction relief is a civil proceeding, State v. Milanovich (1975), 42 Ohio St.2d 46, 49, wherein a convicted offender asserts that his or her rights under the Ohio or United States Constitutions were denied or infringed upon to the extent the judgment of conviction is void or voidable. R.C. 2953.21(A)(1). Before granting a hearing on a postconviction petition, however, the sentencing court is charged with examining the petition and its supporting documents as well as the record of proceedings against petitioner to determine whether there are substantive grounds for relief. R.C. 2953.21(C).
 {¶ 19} The doctrine of res judicata applies to postconviction relief proceedings. State v. Perry (1967), 10 Ohio St.2d 175, paragraph eight of the syllabus. The doctrine bars a defendant from raising any defense or lack of due process that was or could have been raised at trial or on direct appeal. State v. Ishmail (1981), 67 Ohio St.2d 16,18, citing State v. Perry at paragraph nine of the syllabus. As a practical matter, res judicata bars claims which are unsupported by evidence from outside the original record. State v. Combs (1994),100 Ohio App.3d 90, 97.
 {¶ 20} In the present matter, appellant presented to the trial court an enumeration of ten grounds for relief, most of which were raised or could have been raised in appellant's direct appeal. These, the trial court correctly rejected as being barred by res judicata.
 {¶ 21} The only issues arguably properly raised in appellant's petition were his competency to waive counsel, represent himself and forego the presentation of mitigating factors at his sentencing hearing. In support of these grounds for relief, appellant submitted the affidavit of a clinical forensic psychologist.
 {¶ 22} According to the psychologist, appellant reported to her that during the trial he believed the judge, the prosecutor, his own counsel and at least one juror were members of a demonic Masonic fraternity which, appellant believed, were communicating by hand and body signals to affect the course of the trial. Appellant apparently never shared this belief with anyone until after he was convicted and sentence was imposed.
 {¶ 23} The psychologist characterized this belief as "delusional" and suggested that this belief, coupled with appellant's Dysthymia (depression), led to appellant's "poor and impulsive decision making" during trial. The psychologist concluded that appellant's "faulty beliefs and psychological deficits had an effect specifically in regard to reasonably assisting his attorneys, waiving his attorney and representing himself."
 {¶ 24} The trial court found that the affidavits in support of appellant's petition "lacked credibility." The court may make such a determination within its sound discretion. State v. Calhoun (1999),86 Ohio St.3d 279, paragraph one of the syllabus. In this matter, the psychologist's conclusions that appellant was possibly delusional during his trial is based wholly on appellant's self reported ideations made only after his conviction and sentence. Moreover, aside from his depression, appellant has no history of mental illness, no treatment for mental illness, no behavior that even his supporting psychologist could characterize as, "*** markedly impaired, odd, or bizarre." His "delusion" according to his psychologist, "*** appears to be manifested solely around court personnel and potential jurors." Since appellant's "delusions" appear to be the result of his own invention, we cannot conclude that trial court's disbelief was unreasonable.
 {¶ 25} Before granting a hearing on a petition for postconviction relief, the trial court must determine whether there are substantive grounds for relief: that there is a denial or infringement of the petitioner's rights sufficient to render his conviction or sentence void or voidable. Id at 282-283. Since, as previously discussed, the application of the doctrine of res judicata bars issues which were or could have been raised on direct appeal, the petitioner must demonstrate an infringement of rights by reference to material which was not in the record on direct appeal. Therefore, all of the issues properly before the trial court in this matter were premised on the affidavit of appellant's psychologist. The psychologist's conclusion of appellant's possible delusion was premised wholly on appellant's self report of such delusion which we have determined that the trial court properly disbelieved.
 {¶ 26} Consequently, appellant failed to established sufficient facts outside the record to merit relief or even a hearing. Accordingly, appellant's first assignment of error is not well-taken.
 II. Postconviction Procedures Unconstitutional {¶ 27} Appellant challenges the constitutionality of Ohio's postconviction relief proceedings. According to appellant, the absence of the ability to conduct discovery as a matter of right in a postconviction proceeding denies him due process and violates his right to equal protection under the law.
 {¶ 28} Appellant notes that an action for postconviction relief has been held to be a civil proceeding. State v. Nichols (1984),11 Ohio St.3d 40, 42. Civil litigants ordinarily have the right to conduct relatively unfettered discovery. Appellant complains that such a right is not afforded a capital postconviction relief petitioner, even though the stakes are substantially higher and there is a statutory mandate that such a petitioner support his claim with evidence de hors the record. Appellant maintains that to deprive him of the "traditional civil tools of discovery *** imposes an impossible pleading standard ***" and renders the postconviction process "meaningless."
 {¶ 29} Postconviction review itself is not a constitutional right. State v. Steffen (1994), 70 Ohio St.3d 399, 410, citing Murray v.Giarratano (1989), 492 U.S. 1. The proceeding is a collateral civil attack on a judgment and is governed by the postconviction relief statute, R.C. 2953.21. Consequently, a petitioner receives no more rights than those granted by the statute. State v. Calhoun, supra at 281. The statute does not provide to a trial court the authority to conduct or compel discovery. State v. Bays, Greene App. No. 2003 CA 4,2003-Ohio-3234, ¶ 20.
 {¶ 30} Appellant obtains no less under the statute than any other petitioner. Consequently, he is denied neither due process nor equal protection. Id. Accordingly, appellant's second assignment of error is not well-taken.
 III. Cumulative Errors {¶ 31} Since we have found no errors in the trial court proceedings, appellant's third assignment of error is not well-taken.
 {¶ 32} Upon consideration whereof, the judgment of the Lucas County Court of Common Pleas is affirmed. Costs to appellant.
 JUDGMENT AFFIRMED.