DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Wood County Court of Common Pleas that denied appellant's petition for postconviction relief. For the reasons that follow, this court affirms the judgment of the trial court.
 {¶ 2} Appellant sets forth the following assignments of error:
 {¶ 3} "1. The trial court failed to recognize that the Defendant's confession was induced by the false promises of law enforcement personnel.
 {¶ 4} "2. The trial court erred when it refused to give the Defendant a hearing on his post conviction relief motion.
 {¶ 5} "3. The trial court failed to ask the Defendant if his confession was voluntary transcript p. 11 through p. 20."
 {¶ 6} On March 27, 2003, appellant entered guilty pleas to four counts of arson and eleven counts of breaking and entering. Appellant had previously confessed to committing the offenses. The trial court accepted the pleas, found appellant guilty on all counts, and sentenced him to a total of 17 years incarceration. Appellant did not appeal that judgment, but on September 15, 2003, he filed a petition for postconviction relief pursuant to R.C. 2953.21 in which he asserted that the confessions he had made to the crimes for which he was convicted were obtained by the improper, coercive tactics of law enforcement. On October 29, 2003, appellee responded, and on November 13, 2003, the trial court issued an order denying the petition without a hearing. It is from that judgment that appellant appeals.
 {¶ 7} By way of this appeal, appellant appears to be asserting, first, that the trial court should have granted a hearing on the petition and, secondly, that after granting a hearing, the trial court should have found that his confession was coerced by law enforcement officials. We will begin by addressing appellant's second assignment of error, which raises the issue of the trial court's denial of a hearing on the petition.
 {¶ 8} In his second assignment of error, appellant asserts that the trial court should have granted a hearing because his affidavit and that of Deputy Vandemark, the officer who investigated the offenses for which appellant was convicted and to whom appellant confessed, were "divergent on several counts."
 {¶ 9} Pursuant to R.C. 2953.21, a criminal defendant seeking to challenge his conviction through a petition for postconviction relief is not automatically entitled to a hearing. State v.Calhoun (1999), 86 Ohio St. 3d 279, 282. With respect to granting a hearing, R.C. 2953.21states: "(C) Before granting a hearing the court shall determine whether there are substantive grounds for relief. In making such a determination, the court shall consider, in addition to the petition and supporting affidavits, all the files and records pertaining to the proceedings against the petitioner. * * *. If the court dismisses the petition it shall make and file findings of fact and conclusions of law with respect to such dismissal."
 {¶ 10} In his affidavit filed in support of his petition, appellant made various allegations of improper conduct by law enforcement which he claimed was intended to induce his confession. Appellant claimed in his affidavit that he was placed in a maximum security confinement in order to induce him to cooperate with authorities; that he was told by a detective that he would be charged with first degree felonies unless he confessed; and that he was paid cash and promised his own television set in prison in exchange for a confession.
 {¶ 11} This court finds preliminarily that, in compliance with R.C. 2953.21(C), the trial court made findings of fact and conclusions of law in its judgment entry denying appellant's petition. The trial court found no merit in appellant's assertions that he was given money to confess, that he confessed because of promises made and because he was misled about the possible sentences he could receive, or that his confession came as a result of being placed in maximum security. The trial court further found that there was no evidence that a conspiracy existed between appellant's jailer and law enforcement and that appellant's statements to law enforcement officers were voluntarily made. The trial court cited appellant's statement to the court at the time he entered his guilty pleas and found nothing to suggest that appellant's statement was the product of coercion or improper inducement. The trial court then concluded that, after reviewing the petition and the files and records of the case, the matter did not require a hearing.
 {¶ 12} The trial court in this case reviewed the memoranda of the parties and the evidence submitted with appellant's petition, considered the applicable law, and found that there did not exist substantive grounds for relief and that a hearing was not required. A review of the trial court's judgment entry shows that the court was thorough in its analysis and did not abuse its discretion. The trial court addressed each of appellant's claims and then found that the petition should be dismissed pursuant to R.C. 2953.21(C). We find that the record supports the trial court's conclusion. Accordingly, appellant's second assignment of error is not well-taken.
 {¶ 13} In his first assignment of error, appellant asserts that the trial court "failed to recognize" that his confession was induced by the false promises of law enforcement personnel. The denial of a petition for postconviction relief is reviewed under an abuse of discretion standard. State v. Watson (1998),126 Ohio App.3d 316. "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable."Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 14} Although the trial court did not find in appellant's favor, it is clear from the judgment entry that the court directly addressed the issue. In its judgment entry denying appellant's petition, the trial court made it clear that it had considered all of the evidence before it in light of appellant's claims of coercion. The trial court considered the petition, the supporting affidavits of appellant and the investigating officer, the transcript of appellant's plea hearing, and the rest of the files and records pertaining to this case. The court explained in its judgment entry that appellant's new claims simply were not credible in light of his statements made in court at the time of his sentencing and his actions thereafter, including corresponding with one of the investigating officers on his case. Accordingly, appellant's first assignment of error is not well-taken.
 {¶ 15} In his third assignment of error, appellant asserts that the trial court failed to ask him if his confession was voluntary. This claimed error appears to be in reference to the hearing held March 27, 2003, at which appellant entered his guilty pleas, waived his right to indictment and his right to trial by jury, and was sentenced. However, whether the trial court inquired at sentencing as to the voluntariness of appellant's confession is an issue which clearly could have been raised on direct appeal but was not. In general, matters which were or could have been raised on direct appeal may not be considered in postconviction proceedings, as such matters are res judicata. State v. Ishmail (1981), 67 Ohio St.2d 16, 18, citingState v. Perry (1967), 10 Ohio St.2d 175, paragraphs seven, eight and nine of the syllabus. Accordingly, appellant's third assignment of error is not well-taken.
 {¶ 16} On consideration whereof, this court finds that substantial justice was done the party complaining and the judgment of the Wood County Court of Common Pleas is affirmed. Pursuant to App.R. 24, costs of this appeal are assessed to appellant.
Judgment Affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, P.J., Singer, J., Knepper, J., Concur.