DECISION AND JUDGMENT ENTRY
{¶ 1} This is a pro se appeal from a judgment of the Lucas County Court of Common Pleas that denied appellant's petition for postconviction relief. For the reasons that follow, this court affirms the trial court's judgment.
 {¶ 2} On August 22, 2001, a jury found appellant guilty on one count of robbery, one count of burglary and one count of receiving stolen property, motor vehicle, in connection with the carjacking of a 90-year-old man on the night of April 23, 2001. Appellant was sentenced to a term of imprisonment and subsequently filed an appeal of his convictions and sentence. This court affirmed the convictions but reversed the sentencing order in part. State v. Davis, 6th Dist. No. L-01-1387,2004-Ohio-5977. On November 12, 2002, appellant filed a pro se petition for postconviction relief pursuant to R.C. 2953.21, claiming police and prosecutorial misconduct as well as ineffective assistance of trial counsel. By judgment entry filed June 20, 2003, the trial court denied appellant's petition without a hearing, finding that the action was barred by the doctrine of res judicata, and that, even if appellant's claims were not so barred, the evidentiary material submitted with appellant's petition failed to demonstrate that he was entitled to postconviction relief. This timely appeal followed.
 {¶ 3} In support of his appeal, appellant sets forth the following assignments of error:
 {¶ 4} "First Assignment of Error
 {¶ 5} "The trial court erred by denying motion to vacate conviction to the prejudice of the defendant-appellant by failing to conduct an evidentiary hearing based on unreasonable application of the doctrine of res judicata and an alleged failure to submit evidentiary material containing sufficient operative facts demonstrating an entitlement to relief when defendant-appellant is entitled to a hearing as prescribed by law in violation of R.C. 2953.21(E), Article I, Section 10 of the Ohio Constitution and the Fifth and Fourteenth Amendments to the United States Constitution.
 {¶ 6} "Second Assignment of Error
 {¶ 7} "Defendant-appellant was denied due process and equal protection of the law sufficient to render his burglary conviction void or voidable as a result of unlawful police misconduct of tampering with evidence and the crime scene, destruction of exculpatory evidence and concealing the same and filing inaccurate false police reports in violation of Article I, Section 10 of the Ohio Constitution and the Fifth andFourteenth Amendments to the United States Constitution.
 {¶ 8} "Third Assignment of Error
 {¶ 9} "Defendant-appellant was denied due process and equal protection of the law sufficient to render his burglary conviction void or voidable as a result of unlawful prosecutorial misconduct for knowingly concealing police misconduct of tampering with evidence crime scene, destruction of exculpatory evidence and concealing the same by filing false inaccurate police reports the prosecution knew or should have known but failed to disclose upon request by defense in violation of Article I, Section 10 of the Ohio Constitution and the Fifth andFourteenth Amendments to the United States Constitution.
 {¶ 10} "Fourth Assignment of Error
 {¶ 11} "Defendant-appellant was denied his constitutional right to effective assistance of trial counsel as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution when trial counsel knowingly failed and refused to object to an omission of unlawful police misconduct as set forth in defendant-appellant's second assignment of error which denied appellant a fair trial.
 {¶ 12} "Fifth Assignment of Error
 {¶ 13} "Defendant-appellant was denied his constitutional right to effective assistance of trial counsel as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution when his trial attorney knowingly failed and refused to object to police and prosecutorial misconduct in presenting, introducing, and admitting manufacture evidence of half dollar coin that surprised and prejudiced the appellant from receiving a fair trial on the charge of robbery.
 {¶ 14} "Sixth Assignment of Error
 {¶ 15} "Defendant-appellant was denied his constitutional right to effective assistance of trial counsel as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution when trial counsel coerced defense alibi witnesses to alter their true accounts of their testimony to be given.
 {¶ 16} "Seventh Assignment of Error
 {¶ 17} "Defendant-appellant was denied his constitutional right to effective assistance of trial counsel as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution when trial counsel knowingly failed and refused to object to prosecutorial misconduct during trial and closing argument that deprived appellant a fair trial.
 {¶ 18} "Eighth Assignment of Error
 {¶ 19} "Defendant-appellant was denied effective assistance of trial counsel by failing to object to the trial court's insufficient jury instructions as to the burden of proof requirement by the state regarding mandatory presumption of proving elemental fact upon proof of basic fact in violation of the Sixth and Fourteenth Amendments to the United States Constitution."
 {¶ 20} On appeal, appellant raises the following issues: denial of his petition without a hearing; unlawful police conduct regarding handling of evidence and the accuracy of official reports; unlawful prosecutorial conduct in connection with the claimed police misconduct; ineffective assistance of trial counsel regarding the claimed police and prosecutorial misconduct, alleged coercion of alibi witnesses, closing argument and the failure to object to jury instructions as given.
 {¶ 21} As to appellant's first assignment of error, pursuant to R.C. 2953.21, a criminal defendant seeking to challenge his conviction through a petition for postconviction relief is not automatically entitled to a hearing. State v. Calhoun (1999),86 Ohio St.3d 279, 282. Before granting an evidentiary hearing on the petition, the trial court shall determine pursuant to R.C.2953.21(C) whether there are substantive grounds for relief, i.e., whether there are grounds to believe that "there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States." R.C. 2953.21(A). Pursuant to R.C. 2953.21(C), in making such a determination the trial court shall consider the petition and supporting affidavits as well as all of the files and records pertaining to the proceedings against the petitioner.
 {¶ 22} The trial court indicated that it had carefully reviewed appellant's claims and the record pertaining to the instant proceedings before making its findings. This court has also thoroughly reviewed appellant's claims, supporting affidavits and the record of proceedings in the trial court and, upon consideration thereof, we find that the trial court did not err in denying the petition without hearing. Accordingly, appellant's first assignment of error is not well-taken.
 {¶ 23} Appellant's remaining assignments of error raise issues involving claimed police and prosecutorial misconduct and ineffective assistance of trial counsel. In his second assignment of error, appellant asserts that the police destroyed exculpatory evidence, "planted" certain evidence in the location where appellant was apprehended after a foot chase, and failed to investigate other "suspects." In his third assignment of error, appellant asserts that the state knowingly concealed the police misconduct. In his fourth, fifth, sixth, seventh and eighth assignments of error, appellant asserts claims of ineffective assistance of trial counsel. Appellant argues that trial counsel failed and refused to object to police and prosecutorial misconduct concerning the collection and preservation of evidence, coerced defense alibi witnesses to alter their testimony, failed to object to prosecutorial misconduct during trial and closing argument, and failed to object to what he asserts was an "insufficient" jury instruction as to the state's burden of proof.
 {¶ 24} In general, matters which were or could have been raised on direct appeal may not be considered in postconviction proceedings, as such matters are res judicata. State v. Ishmail
(1981), 67 Ohio St.2d 16, 18, citing State v. Perry (1967),10 Ohio St.2d 175, paragraphs seven, eight and nine of the syllabus. This court has thoroughly reviewed appellant's petition and finds that each of the arguments he made in support thereof could have been raised on direct appeal. Further, the exhibits attached to appellant's petition were either part of the trial court record or were available for use at the time of his direct appeal. We therefore find that the matters raised by appellant in his petition for postconviction relief are res judicata and that the trial court did not err by denying the petition. Accordingly, appellant's second, third, fourth, fifth, sixth, seventh and eighth assignments of error are not well-taken.
 {¶ 25} On consideration whereof, we find that substantial justice was done the party complaining and the judgment of the Lucas County Court of Common Pleas is affirmed. Costs of this appeal are assessed to appellant, pursuant to App.R. 24.
Judgment Affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, P.J., Knepper, J., Lanzinger, J., Concur.