[Cite as *State v. Elkins*, 2021-Ohio-4231.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
SANDUSKY COUNTY

State of Ohio                                          Court of Appeals No. S-21-010

      Appellee                                     Trial Court No.  08 CR 203

v.

Daniel A. Elkins                                    **DECISION AND JUDGMENT**

      Appellant                                   Decided:  December 3, 2021

* * * * *

Beth A. Tischler, Sandusky County Prosecuting Attorney, and
Alexis M. Otero, Assistant Prosecuting Attorney, for appellee.

Daniel A Elkins, pro se.

* * * * *

**ZMUDA, P.J.**

{¶ 1} This matter is before the court upon the pro se appeal of appellant, Daniel

Elkins, challenging the denial by the Sandusky County Court of Common Pleas of his

motion to correct "an erroneous entry."  Appellant sought a decision finding the sentence,

entered in 2008, is a void sentence requiring correction pursuant to *State v. Beasley,* 14 Ohio St.3d 74, 471 N.E.2d 774 (1984).

{¶ 2} On May 14, 2008, appellant entered a guilty plea to three counts of complicity to aggravated robbery, violations of R.C. 2911.01(A)(1) and 2923.03, each a felony of the first degree. Pursuant to his plea, the state dismissed the remaining counts and firearm specifications in the 17-count indictment, and the trial court proceeded to sentencing. The trial court imposed a prison term of 8 years as to each count, and ordered the terms to run consecutively, for an aggregate prison sentence of 24 years. The original entry failed to note dismissal of the firearm specifications.

{¶ 3} Appellant filed a timely appeal, and among his assigned errors he challenged the imposition of consecutive sentences as excessive and contrary to law. In *State v. Elkins,* 6th Dist. Sandusky No. S-08-014, 2009-Ohio-2602, ¶ 30, we affirmed the trial court's judgment, including the consecutive sentences.

{¶ 4} On December 10, 2009, appellant filed a motion to withdraw his guilty plea, which the trial court denied. We affirmed that judgment on appeal in *State v. Elkins,* 6th Dist. Sandusky No. S-10-018, 2010-Ohio-5170, ¶ 1, 27.

{¶ 5} On May 3, 2010, while his 2010 appeal was pending, appellant filed a motion to vacate void judgment. On December 15, 2010, appellant filed an amended motion to vacate void judgment, seeking a judgment entry that fully complied with Crim.R. 32(C). In support, appellant argued his sentencing entry containing consecutive terms was void, and the trial court failed to dispose of the firearm specifications attached

2.

to Counts 1, 2, and 3. On December 20, 2010, the trial court granted the motion, in part, and issued a nunc pro tunc entry correctly noting dismissal of the firearm specifications to reflect the dismissal stated on the record at hearing, and denied the motion as it pertained to "void" sentences. Appellant did not appeal this judgment.

{¶ 6} On November 28, 2011, appellant filed a subsequent motion to correct void sentence, which the trial court summarily denied by entry on December 28, 2011. We affirmed the trial court's judgment in *State v. Elkins,* 6th Dist. Sandusky No. S-12-001, 2013-Ohio-127. In that decision, we noted our prior consideration of the consecutive sentencing issue in his direct appeal, and found his sole assignment of error "barred by the doctrine of res judicata." *Id.* at ¶ 3, citing *State v. Perry,* 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph one of the syllabus and *State v. Ishmail,* 67 Ohio St.2d 16, 423 N.E.2d 1068 (1981).

{¶ 7} Appellant filed his latest motion on June 14, 2021, renewing his claims of a void sentence for failure to comply with R.C. 2929.14 and *Beasley.* Appellant raises the same argument, previously rejected as barred by res judicata. *See Elkins,* 2013-Ohio-127, at ¶ 3. Additionally, we note that the judgment at issue is not a void judgment, as recently clarified by the Ohio Supreme Court in *State v. Henderson,* 161 Ohio St.3d 285, 2020-Ohio-4784, 162 N.E.3d 776, which defined a void judgment as judgment rendered by a court proceeding without jurisdiction. (Citation omitted) *Henderson* at ¶ 16. "If the court pronouncing the sentence had jurisdiction to do so, a sentence imposed in excess of that permitted by law was 'erroneous and voidable, but not absolutely void.'" (Citation

3.

omitted). *Id.* Simply put, a sentencing error is not a jurisdictional error. *Id.,* citing *In re Winslow,* 91 Ohio St.328, 330, 110 N.E.539 (1915).

{¶ 8} We already determined there was no sentencing error in appellant's direct appeal. Furthermore, had an error existed but appellant failed to raise the issue in his direct appeal, the error would result in merely a voidable judgment, not subject to collateral attack that could jeopardize the "finality of judgments." (Citation omitted.) *Henderson* at ¶ 17. The "void sentence" analysis of *Beasley,* moreover, addressed a "procedurally unique case," and in *State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, 159 N.E.3d 248, the Ohio Supreme Court expressly overruled *Beasley,* realigning precedent "with the traditional understanding of what constitutes a void judgment." *Id.* at ¶ 26, citing *Harper* at ¶ 4.

{¶ 9} Appellant raised this same issue as error in his direct appeal, and the present appeal represents only the latest attempt to collaterally attack his sentence as void. We found no error in the imposition of consecutive sentences in the direct appeal, we previously rejected a collateral attack as barred by res judicata, and we now clarify that appellant's sentence is not void, based on recent precedent. Accordingly, we find appellant's sole assignment of error not well-taken.

{¶ 10} Finding substantial justice has been done, we affirm the judgment of the Sandusky County Court of Common Pleas. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

4.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Thomas J. Osowik, J.

Gene A. Zmuda, P.J.

Myron C. Duhart, J.
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE


This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.