[Cite as *State v. Davis*, 2025-Ohio-4432.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | Case No. 2025 CA 00014 |
| Plaintiff - Appellee | <u>Opinion And Judgment Entry</u> |
| -vs- | Appeal from the Municipal Court, Case No. 2021CRB00201 |
| JOSEPH-ALLEN DAVIS | |
| Defendant – Appellant | Judgment: Affirmed |
| | Date of Judgment Entry: September 22, 2025 |

**BEFORE:** Andrew J. King; Robert G. Montgomery; David M. Gormley, Appellate Judges

**APPEARANCES:** BEAU WENGER, for Plaintiff-Appellee; JOSEPH-ALLEN DAVIS, PRO SE, for Defendant-Appellant.

*King, J.*

{¶ 1} Defendant-Appellant Joseph-Allen Davis appeals the January 27, 2025 judgment of the Canton Municipal Court denying Davis' Motion to Vacate. Plaintiff-Appellee is the State of Ohio. We affirm the trial court.

Facts and Procedural History

{¶ 2} On November 18, 2020, Davis was arrested in a Canton, Ohio Walmart. Davis had refused to wear a face covering and then became combative with Walmart staff when asked to do so or leave the property. When law enforcement arrived, Davis refused to provide officers with any information regarding his identity. As a result, Davis was charged with obstructing official business and criminal trespass.

{¶ 3} Davis represented himself in the matter. On March 16, 2021 the State amended the charge of obstructing official business to disorderly conduct, a minor misdemeanor, and dismissed the criminal trespass charge. Davis entered a plea of no contest to disorderly conduct and was sentenced to court costs only. Davis did not appeal his conviction or sentence.

{¶ 4} Nearly four years later, on January 27, 2025, Davis filed a Motion to Vacate his conviction. The motion argued his conviction should be vacated on various constitutional grounds surrounding the constitutionality of Walmart's mask mandate during the COVID-19 pandemic. On the same day, the trial court summarily denied the motion.

{¶ 5} Davis timely filed an appeal and the matter is now before this court for consideration. He raises three assignments of error as follows:

I

{¶ 6} "THE TRIAL COURT ERRED BY DISMISSING OUR (sic) MOTION TO VACATE BECAUSE THE "MASK MANDATE" WAS RULED UNCONSTITUTIONAL BY SEVERAL COURTS DUE TO A BROAD READING OF STATUTORY AUTHORITY."

II

{¶ 7} "THE TRIAL COURT ERRED BY DISMISSING OUR (sic) MOTION TO VACATE BECAUSE THE PREVIOUS RULING OF THE COURT WAS BASED ON THE ERRONEOUS AGENCY DETERMINATION OR EXECUTIVE BRANCH INTERPRETATION OF A STATUTE."

III

{¶ 8} "THE TRIAL COURT ERRED BY DISMISSING OUR (sic) MOTION TO VACATE BECAUSE THE "MASK MANDATE" PROMULGATED BY THE OHIO DEPARTMENT OF HEALTH WAS A VIOLATION OF THE IMPLIED SEPARATION OF POWERS PROVIDED FOR IN THE OHIO CONSTITUTION."

I, II, III

{¶ 9} We address Davis' assignments of error together. In his three assignments of error, Davis argues the trial court erred in denying his motion to vacate, claiming a violation of various constitutional rights. We disagree.

Post-Conviction Relief Principles

{¶ 10} We begin by noting that despite its title, Davis' Motion to Vacate was a motion for postconviction relief. A motion filed subsequent to a defendant's direct appeal that claims a denial of constitutional rights, seeks to render the judgment void, and asks that the judgment be vacated is a motion for post-conviction relief. *State v. Reynolds*, 79 Ohio St.3d 158, 160 (1997).

{¶ 11} Although designed to address claimed constitutional violations, the postconviction relief process is a civil collateral attack on a criminal judgment, not an appeal of that judgment. *State v. Calhoun*, 86 Ohio St.3d 279, 281 (1999); *State v. Steffen*, 70 Ohio St.3d 399, 410 (1994). A petition for post-conviction relief does not provide a petitioner a second opportunity to litigate his conviction, nor is the petitioner automatically entitled to an evidentiary hearing on the petition. *State v. Lewis*, 2008-Ohio-3113, ¶ 8 (5th Dist.), citing *State v. Jackson*, 64 Ohio St.2d 107, 110 (1980).

{¶ 12} Pursuant to R.C. 2953.21(A)(2), a petition for postconviction relief must be filed no later than three hundred sixty-five days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication. If no appeal is taken, the petition must be filed no later than three hundred sixty-five days after the expiration of the time for filing the appeal.

{¶ 13} A trial court is without jurisdiction to hear an untimely petition for postconviction relief unless the petitioner meets exceptions contained in R.C. 2953.23(A). Specifically, the petitioner must demonstrate:

> (a) either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petitioner asserts a claim based on that right.
>
> (b) the petitioner shows by clear and convincing evidence that, but for the constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted ...

{¶ 14} R.C. 2953.23(A)(1).

{¶ 15} Res judicata is also applicable to motions for postconviction relief. "Under the doctrine of res judicata, a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on an appeal from that judgment." *State v. Perry*, 10 Ohio St.2d 175 (1967), paragraph nine of the syllabus; *Grava v. Parkman Twp.*, 73 Ohio St.3d 379 (1995), syllabus.

Davis' Petition

{¶ 16} In this matter, Davis' petition for postconviction relief was grossly untimely and he failed to raise or argue that he met the requirements of R.C. 2953.23(A)(1). The trial court was therefore without jurisdiction to consider the petition. Additionally, Davis could have challenged his conviction on direct appeal, but did not. He may not now collaterally attack matters that he could have attacked on direct appeal, *State v. Cole*, 2 Ohio St.2d 112 (1982); *State v. Ishmail*, 67 Ohio St.2d 16 (1981).

{¶ 17} Because Davis' petition was both untimely and barred by the doctrine of res judicata, his assignments of error are overruled and the judgment of the Canton Municipal Court is affirmed.

{¶ 18} For the reasons stated in our accompanying Opinion, the judgment of the Canton Municipal Court, Stark County, Ohio is affirmed.

{¶ 19} Costs to Appellant.


By: King, P. J.

Montgomery, J. and

Gormley, J. concur.