DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Lucas County Court of Common Pleas, in which appellant, Tyrice A. Hill, entered a negotiated plea and was found guilty of three counts of aggravated robbery in violation of R.C. 2911.01(A)(1). The convictions carried firearm specifications. Appellant was sentenced to 30 years incarceration. For the reasons set forth below, the judgment of the trial court is affirmed.
 {¶ 2} On appeal, appellant sets forth three assignments of error:
 {¶ 3} "I. Appellant was not competent to stand trial, and the trial court erred by not finding he met his burden on this issue by a preponderance of the evidence.
 {¶ 4} "II. Trial counsel provided ineffective assistance of counsel by not challenging appellant's competency at the time of the robberies and by not having another competency exam completed as to appellant's competency to stand trial.
 {¶ 5} "III. Appellant's Sixth Amendment rights were violated at the time of sentencing or, alternatively, the sentence is not supported by clear and convincing evidence."
 {¶ 6} The following undisputed facts are relevant to the issues raised on appeal. During the summer of 2004, appellant engaged in a crime spree throughout the city of Toledo. Between June 25 and August 19, 2004, appellant committed six armed robberies. Appellant targeted restaurants, retail shops, and pedestrians. In the course of these robberies, appellant possessed, displayed and brandished a firearm to his victims. Appellant's targets were primarily small and unsophisticated neighborhood businesses.
 {¶ 7} On August 30, 2004, appellant was indicted on six first degree felony counts of aggravated robbery, in violation of R.C.2911.01(A)(1). Appellant confessed to committing these crimes. On December 13, 2004, appellant was evaluated by a Court Diagnostic Center psychologist to assess his legal competency.
 {¶ 8} The evaluation concluded that appellant was malingering in a rudimentary attempt to feign mental illness. The report further concluded that appellant displayed an adequate understanding of the nature of the proceedings pending against him. This conclusion disqualifies appellant from a finding of incompetency under the standard established by R.C. 2945.37 (G). The diagnostic report deemed appellant legally competent. Appellant did not object to the conclusions of the competency evaluation. Appellant did not request that a second evaluation be performed. On December 15, 2004, the evaluation finding appellant competent to stand trial was admitted into evidence.
 {¶ 9} Facing an adverse competency finding and a likely admissible confession, counsel for appellant negotiated a plea agreement with the prosecution. The parties agreed appellant would plead guilty to three of the six counts of aggravated robbery in exchange for dismissal of the remaining three aggravated robbery counts. On January 10, 2005, appellant entered guilty pleas to three of the six counts. On February 3, 2005, appellant was sentenced to seven of the ten potential years on each of the convictions. Appellant received additional three year terms of incarceration mandated by the accompanying gun specifications. All sentences were ordered to be served consecutively.
 {¶ 10} The record reflects the court made the requisite statutory findings in support of conviction and sentence. The court concluded the shortest prison term would demean the seriousness of the offense, would not adequately protect the public, would not reflect the seriousness of the conduct, and appellant posed a danger to the public. In conjunction with these findings, the court emphasized that appellant committed his string of aggravated robberies while on post-release control following his incarceration on a prior robbery conviction. In light of adverse statutory findings and a recidivist robbery defendant, the court imposed a total of 30 years incarceration upon appellant. Appellant filed a timely notice of appeal.
 {¶ 11} We have reviewed the briefs and record in this matter. We find that addressing the assignments in the reverse of the order presented by appellant best suits our substantive analysis. We will review the assignments from last to first.
 {¶ 12} In his third assignment of error, appellant asserts his sentence was unconstitutional pursuant to Blakely v.Washington (2004), 542 U.S. 296. The record reflects the trial court did not exceed maximum sentencing ranges in this case. This renders Blakely inapplicable. State v. Schlegel, 6th Dist. No. L-04-1353, 2005-Ohio-5738, at ¶ 5. This court rejects the application of Blakely to criminal sentencing in Ohio based upon Ohio's materially distinguishable statutory sentencing scheme. Blakely-rooted arguments are not relevant. State v.Curlis, 6th Dist. No. WD-04-032, 2005-Ohio-1217. Appellant's argument that his sentencing was unconstitutional pursuant toBlakely is not well-taken. State v. Johnson, 6th Dist. No. L-04-1258, 2005-Ohio-5459, at ¶ 5.
 {¶ 13} Appellant proposes an alternative basis in support of the third assignment or error. Appellant proposes that ifBlakely is rejected, the sentence is not supported by clear and convincing evidence. It is well settled that this court will not disturb a trial court sentence absent sufficient evidence from the record establishing that the sentence was not supported by clear and convincing evidence. R.C. 2953.08(G). Appellant was convicted and sentenced on three counts of aggravated robbery. We must examine the statutory language defining the offense of aggravated robbery and the record in order to determine whether the trial court possessed clear and convincing evidence in support of conviction and sentence. R.C. 2911.01(A)(1) states in relevant part:
 {¶ 14} "No person, in attempting or committing a theft offense, as defined in section 2913.01 of the Revised Code, or in fleeing immediately after the attempt or offense, shall do any of the following:
 {¶ 15} (1) Have a deadly weapon on or about the offender's person or under the offender's control and either display the weapon, brandish it, indicate that the offender possesses it, or use it;"
 {¶ 16} The record from below contains uncontroverted evidence that between June 25 and August 19, 2004, appellant entered businesses on Manhattan Boulevard, Lagrange Street, and Galena Street in Toledo, possessed a firearm, displayed a firearm, and committed thefts against businesses and pedestrians. Appellant committed armed robbery.
 {¶ 17} Appellant's exculpatory arguments are rooted in his history of substance abuse and mental health issues. Appellant suggest his substance abuse and unsubstantiated claims of hallucinations and voices somehow negate his criminal culpability. Appellant unilaterally claims that he "was punished for suffering from legitimate and serious psychiatric problems."
 {¶ 18} Our review of the record does not support this contention. The record reflects that appellant is being punished for committing a three month spree of armed robberies throughout the city of Toledo. The record contains clear and convincing evidence in support of the conviction and sentence. Blakely is inapplicable. Appellant's third assignment of error is not well taken.
 {¶ 19} In his second assignment of error, appellant asserts he was denied effective counsel in connection with his competency evaluation. The Supreme Court of Ohio has delineated the controlling principles which must be applied in reviewing ineffective assistance of counsel claims. At the outset, we must presume a properly licensed attorney in Ohio is competent. Statev. Hamblin (1988), 37 Ohio St.3d 153.
 {¶ 20} As a result of the competency presumption, the burden is upon the party alleging incompetence to submit compelling evidence establishing definitive actions by counsel so deficient they fall below an objective threshold of reasonableness. It must simultaneously be demonstrated that the outcome of the case would have been different but for this substandard representation.State v. Womack, 6th Dist. No. L-04-1092, 2005-Ohio-2689, at ¶ 14.
 {¶ 21} In support of his second assignment, appellant asserts that the evidence of ineffective assistance of counsel stems from counsel's failure to seek a second competency evaluation. Counsel also places great importance on unconventional behaviors exhibited by appellant, in addition to appellant's history of substance abuse.
 {¶ 22} Appellant presents the unsubstantiated contention that he was "more incompetent" at the time of his criminal actions in comparison to the time of trial. We need not engage in a speculative debate as to levels of alleged incompetency. The Court Diagnostic assessment and the trial court both deemed appellant legally competent. The Supreme Court of Ohio has held that a defendant may be found to be emotionally disturbed and yet still be legally competent due to his capability of understanding the charges against him. State v. Hessler (2000),90 Ohio St.3d 108. The Court Diagnostic assessment of appellant determined that appellant understood the basic nature of the proceedings against him. Appellant was deemed legally competent.
 {¶ 23} Appellant now claims his counsel "should have" demanded a second competency evaluation be performed and/or demanded a competency evaluation be conducted to determine appellant's competency at the time he committed the crimes. The record reflects appellant confessed to his crimes. The record reflects appellant was deemed to be legally competent. Appellant committed six acts of aggravated robbery and was convicted for three of the six counts. There is no persuasive evidence that, but for the alleged errors of counsel, the outcome would have been different. Appellant's second assignment of error is not well taken.
 {¶ 24} In his first assignment of error, appellant concludes, in direct contradiction to the factual evidence in the record, that he was not competent to stand trial and that the trial court erred in finding him competent to stand trial. Based upon our findings in the second assignment of error, we need not examine Hill's unsupported conclusion. We find appellant's first assignment of error not well taken.
 {¶ 25} On consideration whereof, this court finds that substantial justice was done and the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Pietrykowski, J. Skow, J. Parish, J. concur.