[Cite as *State v. Hill*, 2014-Ohio-4865.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                          Court of Appeals No. L-14-1088

    Appellee                                   Trial Court No. CR0200402741

v.

Tyrice Hill                                            **DECISION AND JUDGMENT**

    Appellant                                  Decided:  October 31, 2014

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
David F. Cooper, Assistant Prosecuting Attorney, for appellee.

Tyrice Hill, pro se.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an accelerated appeal from an April 3, 2014 judgment of the Lucas

County Court of Common Pleas, which denied appellant's seventh motion to withdraw

his January 10, 2005 guilty pleas to three counts of aggravated robbery.  Appellant's

pleas were entered pursuant to a voluntarily negotiated plea agreement pursuant to which

three of the six felony charges pending against appellant were dismissed. For the reasons set forth below, this court affirms the judgment of the trial court.

{¶ 2} Pro se appellant, Tyrice Hill, sets forth the following three assignments of error:

First assignment of error; it is a constituted [sic] error to deny appellant['s] petition on res judicata grounds when sentence is void.

Second assignment of error; Trial court erred in not finding that HILL sustain[ed] his burden of demonstrating the existence of manifest [in]justice.

Third assignment of error; HILL'S judgment entry still has a clerical error.

{¶ 3} The following undisputed facts are relevant to this appeal. During the summer of 2004, appellant committed a series of armed robberies against both businesses and pedestrians throughout the city of Toledo. On August 30, 2004, appellant was indicted on six counts of aggravated robbery, in violation of R.C. 2911.01, all felonies of the first degree.

{¶ 4} On December 15, 2004, the Court Diagnostic Center evaluated appellant and found him to be malingering in an attempt to appear legally incompetent. Appellant's attempt failed and he was determined to be legally competent. Subsequently, appellant entered into a voluntary plea agreement through which he pled guilty to three of the six counts of aggravated robbery charges pending against him. On February 3, 2005,

2.

appellant was sentenced to less than maximum terms of incarceration of seven of the potential ten years of incarceration on each of the first degree felony convictions.

{¶ 5} The conviction and sentence against appellant were affirmed by this court on direct, merit appeal. *State v. Hill*, 6th Dist. Lucas No. L-05-1080, 2006-Ohio-859. In the nearly ten years that have elapsed following the conviction, appellant has filed seven substantively analogous motions to withdraw the 2005 guilty pleas. All filings have been found to be without merit and denied by the trial court. All of the denials challenged before this court have likewise been found to be without merit.

{¶ 6} On February 13, 2014, appellant filed his seventh motion to withdraw the 2005 guilty plea. On April 3, 2014, it was denied. This appeal ensued.

{¶ 7} In appellant's first assignment of error, he again maintains that the trial court erred in finding the underlying motion to be barred pursuant to the doctrine of res judicata. It is well-established pursuant to the doctrine of res judicata that a final judgment of conviction precludes the convicted party from raising any defense or claimed lack of due process that was raised or could have been raised at trial. *State v. Ishmail*, 67 Ohio St.2d 16, 423 N.E.2d 1068 (1981).

{¶ 8} In conjunction with the res judicata legal principle applicable to the instant case, this court has consistently held, as particularly relevant to a dispute such as that underlying this case, that a motion to withdraw a guilty plea pursuant to Crim.R. 32.1 is a postconviction proceeding encompassed by res judicata. *State v. Bryukhanova*, 6th Dist. Fulton No. F-10-002, 2010-Ohio-5504, ¶ 12.

3.

**{¶ 9}** Lastly, as held by this court throughout the history of appellant's case, Crim.R. 32.1 does not establish trial court jurisdiction to consider and determine a motion to withdraw a guilty plea tendered subsequent to direct appeal and affirmance by the appellate court. *State v. Hill*, 6th Dist. Lucas. No. L-09-1226, 2009-Ohio-5187, ¶ 5.

**{¶ 10}** The record reflects that this matter was affirmed on direct appeal in 2006. The record reflects that the motion to withdraw plea underlying the instant case was filed on February 13, 2014. Based upon governing precedent, as well as the law of the instant case, it is barred by res judicata. Wherefore, we find appellant's first assignment of error not well-taken.

**{¶ 11}** In appellant's second assignment of error, he asserts that the trial court erred in determining that manifest injustice has not been established. Consideration of appellant's second assignment of error is contingent upon the legitimacy of the motion underlying this case. Accordingly, given our determination in response to appellant's first assignment of error that the motion itself is barred pursuant to res judicata, appellant's second assignment of error is moot and not well-taken.

**{¶ 12}** In appellant's third assignment of error, he contends that the disputed judgment has a clerical error. Appellant concludes that the judgment failed to comport with postrelease control notification requirements. We are not persuaded. The record unambiguously reflects that appellant was furnished proper postrelease control notice pursuant to R.C. 2929.19(B)(3) and 2967.28. We find appellant's third assignment of error not well-taken.

4.

**{¶ 13}** Lastly, on October 3, 2014, appellant filed a motion to stay this appeal based upon the filing of another motion to the trial court reiterating arguments that have been previously rejected by this court. Appellant has not set forth any substantively new contentions. This case entails a lengthy history of appellant filing similar motions setting forth similar claims. These circumstances do not warrant the granting of a stay. Accordingly, we find appellant's motion to stay this appeal to be without merit. It is denied.

**{¶ 14}** Wherefore, we find that substantial justice has been done in this matter. The judgment of the Lucas County Court of Common Pleas is hereby affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

_____
JUDGE

Arlene Singer, J.

_____
JUDGE

Thomas J. Osowik, J.
CONCUR.

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.