[Cite as *State v. Goyal*, 2021-Ohio-1907.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                        Court of Appeals No. L-20-1207

      Appellee                                   Trial Court No.  CR0201303187

v.

Amit Goyal                                           **DECISION AND JUDGMENT**

      Appellant                                  Decided:  June 4, 2021

* * * * *

Julia Bates, Lucas County Prosecuting Attorney, and
Alyssa Breyman, Assistant Prosecuting Attorney, for appellee.

Jeremy Levy, for appellant.

* * * * *

**OSOWIK, J.**

{¶ 1}   This is an accelerated appeal of a November 16, 2020 judgment of the

Lucas County Court of Common Pleas, denying appellant's June 20, 2020 Crim.R. 32.1

motion to withdraw a negotiated plea entered on May 30, 2014.  For the reasons set forth

below, this court affirms the judgment of the trial court.

{¶ 2}  Appellant, Amit Goyal, sets forth the following two assignments of error:

1:  It is a manifest injustice for an attorney to misrepresent to a defendant that a conviction is expungable [].

2:  Whether relying on ineffective counsel's advice is a valid reason for a delay in filing a motion to withdraw a plea.

{¶ 3}  The following undisputed facts are relevant to this appeal.  On December 18, 2013, appellant was indicted on one count of burglary, in violation of R.C. 2911.12, a felony of the second degree, and one count of menacing by stalking, in violation of R.C. 2903.211, a felony of the fourth degree.

{¶ 4}  On May 30, 2014, pursuant to a negotiated plea agreement, appellant pled no contest to the lesser offense of menacing by stalking.  In exchange, the burglary offense was dismissed.  The matter was set for a sentencing hearing.

{¶ 5}  On July 9, 2014, appellant was sentenced to a three-year term of community control.  No prison time was imposed and no direct appeal was taken.  On June 12, 2017, appellant's community control was terminated.

{¶ 6}  On June 20, 2020, appellant filed a Crim.R. 32.1 motion to withdraw the May 30, 2014 negotiated guilty plea.

{¶ 7}  In support of the motion, appellant asserted that his 2014 plea was compromised based upon informal text communications in which trial counsel conveyed

2.

to appellant that he could seek an expungement in the future by filing a motion with the trial court.

{¶ 8} Specifically, appellant asserts that trial counsel conveyed that the conviction would be, "*eligible* for expungement." (Emphasis added). The conviction was not eligible for expungement.

{¶ 9} On July 27, 2020, appellee filed a brief in opposition to appellant's Crim.R. 32.1 motion to withdraw. On August 26, 2020, counsel for appellant furnished screenshots of text messages between trial counsel and appellant regarding requesting an expungement of the conviction from the trial court in the future.

{¶ 10} Appellant states on appeal that he was advised, "by his former counsel that [he] *could file for* expungement three (3) years after the termination of his probation." (Emphasis added).

{¶ 11} The record reflects that at no point during any trial court proceedings was the issue of expungement raised or referenced by any party. Appellant was understandably disappointed upon learning in 2020 that his conviction was not eligible for expungement consideration.

{¶ 12} Appellant does not maintain, nor does the record reflect, that any assurances were made to appellant from any source regarding the certainty of a future grant of expungement of the subject conviction.

{¶ 13} On November 16, 2020, the trial court denied appellant's motion to withdraw. The trial court determined in relevant part:

3.

[The] court inquired at plea *whether defendant had been promised anything to induce him into entering the plea, and he responded, with counsel by his side, that he had not been so promised*. At sentencing * * * nobody mentioned anything about sealing records. *As a result, the court does not find that any manifest injustice is present* in denying defendant's motion. (Emphasis added).

{¶ 14} This appeal ensued.

{¶ 15} In the first assignment of error, appellant asserts that the trial court abused its discretion in denying appellant's motion to withdraw given the texts between appellant and trial counsel regarding filing a future request with the trial court seeking expungement. We do not concur.

{¶ 16} Establishing an abuse of discretion requires more than showing an error in law or judgment. Rather, it must be shown that the disputed trial court action was unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

{¶ 17} Crim.R. 32.1 establishes that, "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but *to correct manifest injustice* the court after sentence may set aside the judgment or conviction and permit the defendant to withdraw his or her plea." (Emphasis added).

{¶ 18} As conveyed in a case encompassing analagous post-sentence Crim.R. 32.1 motion manifest injustice considerations, "[M]anifest injustice relates to some

4.

fundamental flaw in the proceedings which results in a miscarriage of justice or is inconsistent with the demands of due process * * * [M]anifest injustice has been defined as a clear or openly unjust act. Under this standard, *a post[-]sentence withdrawal motion is allowable only in extraordinary cases.*" *State v. Brown*, 167 Ohio App.3d 239, 2006-Ohio-3266, 854 N.E.2d 583, ¶ 5 (Dist). (Emphasis added).

{¶ 19} In conjunction with the above, it is well-established that a final judgment of conviction precludes the defendant from raising any defense or claimed lack of due process that was raised, or could have been raised, at trial. *State v. Ishmail*, 67 Ohio St.2d 16, 423 N.E.2d 1068 (1981).

{¶ 20} This court has consistently held that a motion to withdraw a guilty plea pursuant to Crim.R. 32.1 is a post-conviction proceeding, which is encompassed by the doctrine of res judicata. *State v. Hill*, 6th Dist. Lucas No. L-14-1088, 2014-Ohio-4865, ¶ 8.

{¶ 21} Further, while post-sentence Crim.R. 32.1 motions are not strictly governed by statutory time limits in their filing, they are nevertheless subject to res judicata implications. *State v. Plassman*, 6th Dist. Fulton No. F-07-036, 2008-Ohio-3842, ¶ 24.

{¶ 22} In applying the above-delineated governing legal principles to the instant matter, we find that the informal text communications between appellant and trial counsel regarding future expungement conjecture, in the absence of additional, compelling evidence or precedent, do not constitute a fundamental due process flaw in the

5.

proceedings so as to demonstrate the type of extraordinary case warranting a Crim.R. 32.1 manifest injustice finding.

{¶ 23} We further find that, regardless of the adverse manifest weight determination, appellant's arguments fail on the basis of res judicata. The subject plea and sentence occurred in 2014, no direct appeal was taken, and the case concluded in 2017. As such, the matter is res judicata.

{¶ 24} Accordingly, as appellant has not demonstrated a manifest injustice and the matter is res judicata, we find appellant's first assignment of error not well-taken.

{¶ 25} In appellant's second assignment of error, appellant similarly asserts that his six-year delay in filing a Crim.R. 32.1 post-sentence motion to withdraw the plea was justified.

{¶ 26} However, the trial court's November 16, 2020 denial of appellant's motion was not based upon timeliness considerations. Conversely, the record reflects that the trial court denied the motion upon the merits. The trial court plainly concluded that it did not, "[F]ind that any manifest injustice is present in denying defendant's motion." Timeliness was not raised or referenced by the trial court.

{¶ 27} Nevertheless, with respect to appellant's timeliness assertions, appellant relies upon State v. Ayesta, 8th Dist. Cuyahoga No. 101383, 2015-Ohio-1695.

{¶ 28} In contrast to the instant case, the court in the Ayesta case specifically cited a four-year delay in the filing of the Crim.R. 32.1 motion to withdraw as one of the reasons for the motion denial.

6.

{¶ 29} By contrast, the trial court in this case never cited or referenced appellant's six-year delay in filing the motion in the denial of the motion.  The record is devoid of evidence reflecting that timeliness was a factor in the denial.

{¶ 30} Wherefore, we find the second assignment of error unpersuasive given the absence of evidence that timeliness was a basis of the motion denial and, regardless, the matter is res judicata on the same basis as was discussed above in response to the first assignment of error.  Accordingly, we find appellant's second assignment of error not well-taken.

{¶ 31} On consideration whereof, the judgment of the Lucas County Court of Common Pleas is hereby affirmed.  Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.
_____
JUDGE

Thomas J. Osowik, J.
CONCUR.
_____
JUDGE

Gene A. Zmuda, P.J.
CONCURS AND WRITES
SEPARATELY.
_____
JUDGE

7.

**ZMUDA, P.J.**

{¶ 32} I agree with the majority's conclusion that appellant has not demonstrated a manifest injustice in this case. I write separately because I do not reach this decision based upon principles of res judicata, but rather conclude that appellant's motion fails on the merits.

{¶ 33} I also note that the text message conversation between appellant and his trial counsel were not before the trial court at the time of its November 16, 2020 order denying appellant's motion to withdraw his plea. Appellant introduced the screenshots of his text message conversation with trial counsel into the record by attaching them to his December 2, 2020 motion for reconsideration of the trial court's order denying the motion to withdraw his plea. Without waiting on a decision from the trial court on his motion for reconsideration, appellant filed a notice of appeal from the trial court's November 16, 2020 order, thereby giving rise to the present appeal. Since the screenshots referenced by appellant in his brief were made part of the record only *after* the trial court issued the decision that is the subject of this appeal, it is inappropriate for us to consider the substance of those messages in ascertaining whether the trial court properly denied appellant's motion to withdraw his plea.

{¶ 34} Excluding the text message conversation of the analysis, we are left with nothing more than appellant's self-serving allegation that his trial counsel represented to him that his conviction would be eligible for expungement. Appellant attached no affidavit to his motion to withdraw his plea, and he included no additional evidentiary

8.

materials to support the motion. Because appellant's motion to withdraw his plea is supported by nothing more than appellant's bare allegations, and in light of the plea colloquy that was reviewed by the trial court prior to rendering its decision, I agree with the majority's conclusion that the trial court did not err in finding that appellant failed to establish a manifest injustice that would justify the postsentence withdrawal of his plea.

{¶ 35} With this additional clarification in mind, I concur.

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.