[Cite as *State v. Woljevach*, 2022-Ohio-932.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO, :

    Plaintiff-Appellant, :

                                No. 110628

v. :

ERIC WOLJEVACH, :

    Defendant-Appellee. :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** March 24, 2022

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-05-462788-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, Mary M. Frey and Frank Romeo Zeleznikar, Assistant Prosecuting Attorneys, *for appellant*.

Brian Taubman, *for appellee*.

EILEEN A. GALLAGHER, J.:

{¶ 1} The state of Ohio appeals from the trial court's decision below granting appellee Eric Woljevach's motion to withdraw his guilty plea. The state raises a single assignment of error that contends that the trial court erred in granting this motion. We sustain the assignment of error and reverse the judgment of the

trial court in this case because the record does not establish the existence of extraordinary circumstances sufficient to justify the withdrawal of a guilty plea more than 15 years after sentence was imposed.

## I.    Factual and Procedural Background

{¶ 2}    On February 24, 2005, a Cuyahoga County Grand Jury returned a five-count indictment against appellee Eric Woljevach:  1) drug trafficking with both a firearm specification and a juvenile specification; 2) possession of drugs with a firearm specification; 3) cultivation of marijuana; 4) endangering children and 5) possessing criminal tools.  The juvenile specification raises the level of the offense for the first count from a felony of the third degree to a felony of the second degree with a presumption of prison time.

{¶ 3}    On May 24, 2005, appellee pleaded guilty to trafficking in violation of R.C. 2925.03; illegal manufacture/cultivation of marijuana in violation of R.C. 2925.04 and child endangering in violation of R.C. 2919.22.  All specifications were dismissed and appellee was sentenced to one-and-a-half years of community control sanctions with conditions on the drug trafficking and possession charges and a six-month sentence in the Cuyahoga County Jail was suspended on the misdemeanor charge of endangering children.

{¶ 4}    On October 13, 2011, appellee filed an application to expunge the record.  The state opposed this motion on the grounds that appellee was not a first-time offender insofar as he had previous convictions for carrying a concealed weapon (1997); drug abuse (1998) and persistent disorderly conduct (2003).  The

appellee withdrew this motion to expunge on March 27, 2012. Appellee filed a second application to seal the record on December 27, 2018, which was withdrawn on December 11, 2019.

{¶ 5} On April 8, 2021, appellee filed a motion to withdraw his guilty plea, proposed one felony and two misdemeanor charges to which he would agree to plead guilty and further, in that motion, submitted an application to seal the record of those convictions.

{¶ 6} Following a hearing on June 29, 2021, the trial court granted appellee's motion to withdraw his guilty plea. The state then appealed.

## II. Analysis

{¶ 7} The state assigns a sole assignment of error:

> The trial court erred when granting defendant-appellee's motion to withdraw guilty plea.

{¶ 8} Appellee below moved that the trial court allow him to withdraw his guilty plea because he pleaded guilty under the misapprehension that he would be able to seal the convictions.

{¶ 9} "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." Crim.R. 32.1. "A motion made pursuant to Crim.R. 32.1 is addressed to the sound discretion of the trial court, and the good faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved by that court." *State v. Smith*, 49 Ohio St.2d 261, 261, 361 N.E.2d 1324 (1977).

{¶ 10} "A defendant who seeks to withdraw a plea of guilty after the imposition of sentence has the burden of establishing the existence of manifest injustice * * *. A manifest injustice is a clear or openly unjust act, * * * and relates to a fundamental flaw in the plea proceedings resulting in a miscarriage of justice[.] * * * The term has been variously defined, but it is clear that under such standard, a postsentence withdrawal motion is allowable only in extraordinary cases." *State v. Straley*, 159 Ohio St.3d 82, 2019-Ohio-5206, 147 N.E.3d 623, ¶ 14. (Quotations and citations omitted.)

{¶ 11} Ohio law provides that certain eligible offenders may have their criminal records sealed after they have successfully served their sentence. However, the statute does not apply to convictions that are for "offense[s] in circumstances in which the victim of the offense was less than sixteen years of age when the offense is a misdemeanor of the first degree or a felony[.]" R.C. 2953.36(A)(7). Here, appellee's conviction for child endangering occurred when the child was under 16.

{¶ 12} It is evident that the trial court credited appellee's statement that he believed at the time he pleaded guilty that the resulting conviction could be sealed. Further, the trial court also credited appellee's statement that his convictions prevented him from working as a locksmith in Michigan. There was no discussion, however, as to the appellee's prior convictions and how those would impact his future employment opportunities.

{¶ 13} The state contends that the trial court abused its discretion in granting appellee's motion because the basis of appellee's motion is that the appellee

pleaded guilty with a misapprehension of the collateral consequences of the plea. In the state's view, this misapprehension cannot, as a matter of law, establish the extraordinary circumstances to justify withdrawal of a postsentence motion. Accordingly, the state believes that this case is much like *Maple Hts. v. McCants*, 8th Dist. Cuyahoga No. 80128, 2002 Ohio App. LEXIS 1091 (Mar. 14, 2002). In the *McCants* case, this court affirmed the trial court's denial of a motion to withdraw a plea where that motion was made on the grounds that the defendant had wrongly believed that he could seek to have his conviction sealed based upon statements made at the time of his plea. McCants' attorney at the plea hearing later testified that the prosecuting attorney "promised that he could apply for expungement and that the city would not oppose the expungement." Those facts are much more compelling than the scant information that we have in the record before us.

{¶ 14} The state is correct insofar as this court and others have previously affirmed decisions of trial courts that denied relief in similar circumstances. *State v. Goyal*, 6th Dist. Lucas No. L-20-1207, 2021-Ohio-1907, ¶ 22; *State v. Dunlap*, 5th Dist. Delaware No. 15 CAA 07 0051, 2016-Ohio-5197, ¶ 26; *State v. Crankfield*, 7th Dist. Mahoning No. 13 MA 122, 2014-Ohio-2624, ¶ 34; *State v. Rose*, 5th Dist. Delaware No. 04-CA-C-04-027, 2004-Ohio-4433, ¶ 19; *McCants*, 2002-Ohio-1070; *Shaker Hts. v. Elder*, 8th Dist. Cuyahoga No. 74243, 1999 Ohio App. LEXIS 3124, at ¶ 7 (July 1, 1999).

{¶ 15} The delay between the imposition of sentence and the appellee's motion to withdraw is a factor that argues against the motion. "[A]n undue delay

* * * is a factor adversely affecting the credibility of the movant and militating against the granting of the motion." *State v. Bush*, 96 Ohio St.3d 235, 2002-Ohio-3993, 773 N.E.2d 522, ¶ 14. (Quotation omitted.) In this case, the 15-year delay strongly weighs against granting the motion.

{¶ 16} The underlying motion to withdraw merely argued: "[appellee] at the time of the plea was not fully aware of the consequences of his plea, and was not fully informed by counsel the extent his plea would impact his livelihood. As a businessowner, this plea has had immense consequences on his abilities to be successful." The trial court, from the bench, cited major four reasons for granting the motion to withdraw.

{¶ 17} First, appellee "wishes to do locksmith work in the state of Michigan, which he would not be allowed to do * * * with this child endangering conviction on his case." The basis for this assertion is not explained. There is no support for it in the motion (e.g., by means of an affidavit) nor was there any testimony from appellee at the hearing substantiating the reason that the child endangering conviction prevented appellee from working as a locksmith in Michigan. Further, appellee pleaded guilty to trafficking marijuana (a third-degree felony), cultivating marijuana (a third-degree felony) and child endangering (a first-degree misdemeanor). Appellee had the burden to show extraordinary circumstances justified the withdrawal of his guilty plea 15 years after sentence. That felony convictions make employment more challenging is hardly extraordinary.

{¶ 18} Second, the trial court stated that "attitudes towards marijuana have changed markedly in the last 16 years." Even accepting this to be true, the conduct appellee engaged in, in 2005, remains illegal as appellee pleaded guilty to cultivation and trafficking charges. The petition for forfeiture of seized contraband to the seizing law enforcement agency filed by the state contemporaneous to the indictment outlines the material and contraband found at the time of seizure.

{¶ 19} These items included 50 suspected marijuana plants, multiple bags and a laundry basket with fertilizer, 31 glass mason jars containing suspected marijuana, a 12-gauge shotgun and a box of shotgun shells, 63 empty growing pots and a variety of gardening implements including growing lamps.

{¶ 20} When questioned by the trial court as to the quantity of the marijuana which he was cultivating, appellee responded "it was under a pound."

{¶ 21} Considering postsentence events, as the trial court did in this case, distracts from the essential issue which is whether there were extraordinary circumstances present at the time of the plea that would justify the trial court in granting the motion to withdraw. The Supreme Court related the finding of manifest injustice "to a fundamental flaw *in the plea proceedings* resulting in a miscarriage of justice[.]" *Straley*, 2019-Ohio-5206 at ¶ 14. (Emphasis added.)

{¶ 22} Third, the trial court's reference to how the victim of the child endangering showed no ill effects similarly fails to show a fundamental flaw in the plea proceedings. Instead, much like the changing social attitudes, this focuses on events subsequent to the plea.

**{¶ 23}** Finally, the trial court concluded that it would be unjust to "hold the mantle of child endangerment on the head of [appellee.]" However, the Ohio Revised Code clearly intends to do precisely that. R.C. 2953.36(A)(7). The trial court may have good reasons to conclude this policy is unwise. But this does not point to a fundamental flaw in the original plea proceeding which the record does not include.

**{¶ 24}** None of these arguments establish any flaw, let alone fundamental flaw, in the plea proceedings, and so we find that the trial court abused its discretion in granting appellee's motion to withdraw his guilty plea. Accordingly, we sustain the sole assignment of error and reverse the judgment of the trial court.

**{¶ 25}** Judgment reversed and remanded.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, JUDGE

MICHELLE J. SHEEHAN, J., CONCURS;
KATHLEEN ANN KEOUGH, P.J., CONCURS IN JUDGMENT ONLY (WITH SEPARATE OPINION)

KATHLEEN ANN KEOUGH, P.J., CONCURRING IN JUDGMENT ONLY (WITH SEPARATE OPINION):

{¶ 26} I am constrained to concur, but do so in judgment only.

{¶ 27} In this case, Woljevach is statutorily ineligible and thus, precluded from seeking expungement because of his 2005 first-degree *misdemeanor* conviction of child endangering involved a child "victim" under the age of 16 years of age.[1] But for this conviction, he would otherwise be eligible under the law. The state justified the offense because of the alleged harm posed to the child by the existence of marijuana plants, an unloaded, but unsecured shot gun, and bags containing shot gun shells and magazines. Based on the record before this court, the offenses do not involve any violence or immediate harm upon the child.

{¶ 28} I believe that the circumstances surrounding the nature of the offenses should be considered when reviewing offenses that are statutorily ineligible for expungement. Thus, I agree with the trial court that Woljevach should not be mantled with the stigma of being a child endangerer when the facts present that the child was not harmed in any way. However, the General Assembly has yet to recognize the need for this type of discretion by prosecutors and trial courts.

{¶ 29} In my opinion, such discretion would complement changes in the law and with societal views. In fact, the most recent overhaul change in expungement laws demonstrate an evolving change in societal views. *See* 2020 Ohio H.B. No. 1,

---

[1] Pending legislation seeks to reduce the age of a child victim to children under the age of 13. *See* 2021 S.B. 288 (seeks to modify the expungement statutes, including R.C. 2953.36(A)(7)).

and 2020 Ohio H.B. No. 431, effective April 12, 2021 (expanding the number of prior convictions, classifications, and offenses eligible for expungement). And as the trial court recognized, societal views on marijuana have changed drastically since 2005. This acknowledgement comes from an experienced jurist who has presided over felony cases for over 22 years and the Cuyahoga County Court of Common Pleas Drug Court since 2008. The trial judge's perception, knowledge, and understanding of what plagues our community cannot go unnoticed when the trial judge exercises his judicial discretion to relieve an individual from legal restraint.

{¶ 30} Nevertheless, and regardless of my opinion, allowing judicial or prosecutorial discretion to determine whether a person is eligible based on the circumstances of the offense must be done by the General Assembly because this court cannot legislate from the bench.

{¶ 31} I understand that this court is not reviewing an appeal from a denial of expungement, but rather the state's appeal to the trial court's granting of Woljevach's motion to withdraw his guilty plea. And the state is correct that he is utilizing this motion to withdraw his guilty plea in order to become eligible for expungement. Nevertheless, Woljevach asserts an interesting argument, that I believe warrants consideration by the Supreme Court of Ohio.

{¶ 32} Woljevach alleges that he was unaware of the collateral consequences that his plea carried, specifically the inability to expunge his misdemeanor child endangering conviction. It has long been recognized that while a trial court is required to inform an accused regarding the direct consequences of his plea, which

have a definite, immediate, and automatic effect on the sentence, "the trial court is not required to inform an accused regarding the collateral consequences of a plea, which include possible outcomes that do not have an effect on the sentence at the time the plea is entered." *State v. Resto*, 8th Dist. Cuyahoga No. 109109, 2020-Ohio-4299, ¶ 26, citing *State v. Moore*, 8th Dist. Cuyahoga No. 73899, 1998 Ohio App. LEXIS 3293, 4 (Aug. 27, 1998.)

{¶ 33} However, I find that when someone is statutory unable to expunge a case much like in this instance, the consequence is more than merely collateral. The Supreme Court has the ability to modify or amend the Crim.R. 11 notifications that a defendant must be advised of prior to entering a plea. These collateral consequences sometimes do not become direct until the passage of time and after any opportunity to correct any injustice. In my opinion, a defendant should be advised of those consequences that are prevalent at the time of the plea, i.e., inability to seek expungement, revocation of a driver's license, ineligibility of public or government benefits; ineligibility of government-sponsored student loans and grants; and restrictions on business or occupational licenses. Notifying defendants of these consequences may very well prevent the type of situation before this court. My concern falls squarely on the unsuspecting young adult who pleads guilty "just to get it over with," but finds themselves scarred by these collateral consequences.

{¶ 34} Until the General Assembly grants judicial or prosecutorial discretion, or the Supreme Court of Ohio changes the requirements of Crim.R. 11,

the exercise of prosecutorial discretion in opposing motions or appealing decisions is always available if the situation and circumstances warrant.